**ST. MARKS EPISCOPAL CHURCH, MT. PLEASANT, TEXAS, Appellant,**

v.

**Iva Lou LOWRY et al., Appellees.**

No. 15548.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 24, 1954.

Rehearing Denied Oct. 22, 1954.

682

Morris Rolston, Mt. Pleasant, for appellant.

Coffee, Cain, Read & McCracken, Harold W. McCracken, Dallas, for appellee Iva Lou Lowry.

William R. Sarsgard, Fort Worth, guardian ad litem for appellee Bobby Lowry.

Alexander & Martin, Richard F. Martin, Fort Worth, for appellees Paul C. Brooks and Leo Brady.

RENFRO, Justice.

Suit was brought in a district court of Tarrant County for the purpose of construing certain provisions of the will of Francis A. Bates, deceased. Bates died on April 25, 1952, leaving a will dated December 9, 1950, with a codicil dated March 18, 1952. The will and codicil were duly probated. Under its terms the Continental National Bank of Fort Worth was appointed executor, and was also named as Trustee as to certain properties named therein.

It was stipulated that Francis A. Bates was owner of an undivided interest in certain oil and gas leases and other mineral rights to be hereafter mentioned, said properties being placed in trust by paragraph five of the will. The property consists of producing oil and gas royalties, including oil payments, from working interests in oil and gas leases, which were producing prior to the execution of the will and codicil. The Trustee has been setting aside 27½ per cent of the net income from the proceeds received from said royalties and oil payments for the use and benefit of St. Marks Episcopal Church, Mt. Pleasant, Texas. The instant suit was brought by Iva Lou Lowry, beneficiary under the will, to construe the will and determine her rights thereunder.

Pertinent portions of the fifth paragraph of the will read:

"I give, devise and bequeath all of the real property which I inherited from my deceased wife, Merle Bates, * * * to Continental National Bank of Fort Worth, Texas in Trust, for the purposes and upon

the terms and conditions hereinafter set out.

"It is my purpose and intent to create a Trust designated as Francis A. Bates Trust. I direct my Trustee to take possession, control and manage the Trust property, collect and receive all rent, royalties, rentals, bonuses, payments, claims, settlements in compromise, all income of any nature which may arise out of or due to the ownership of any interest in any of these oil or gas leases, mineral rights and thereafter pay out or use, hold and apply the same in the manner and upon the terms and conditions hereinafter provided, charging the Trust account with the amount so received and disbursed.

"During the term of this Trust I direct my Trustee to first accumulate sufficient cash to make the following payments and bequests: (1. Cost of administration, taxes, etc. 2. Cash bequests to six persons.)

"After the expenses set out above and the bequests above have been paid, then the income from the Trust shall be paid to Mrs. Iva Lou Lowry of Fort Worth, Texas as long as she shall live."

The next following paragraph provides that if Mrs. Lowry predeceases her son, Bobby, before he reaches his twenty-first birthday, he shall receive the income from the Trust until he reaches twenty-one. If Mrs. Lowry dies after Bobby reaches twenty-one, or if Bobby predeceases Mrs. Lowry, the Trust shall terminate upon Mrs. Lowry's death.

Upon the termination of the Trust, as above, the Trustee shall deliver all properties of any kind and character held by the Trustee to St. Marks Episcopal Church, Mt. Pleasant, Texas.

Then follows a provision that out of the income received each month the Trustee shall pay itself a reasonable amount for taxes and certain other expenses, "and then shall pay the income monthly to the beneficiary, Mrs. Iva Lou Lowry, * *."

It is provided that the Trustee shall not have the duty to invest income from the Trust properties; and that said Trustee shall not have power to sell the Trust properties, but shall have power to execute oil and gas leases. The will further provides: "I hereby give and grant to and confer upon my Trustee in the administration of the Trust, each and all of the powers and each and all of the rights conferred upon Trustee under and by virtue of the provisions of the Texas Trust Act, Title No. 125–A, Article 7425B [Vernon's Ann. Civ.St. art. 7425b–1 et seq.] and following Revised Civil Statutes of Texas which are not in conflict with the provision hereof."

The trial court's judgment held that the will left an equitable conventional life estate in Iva Lou Lowry in all the property producing at the time of Bates' death; that all receipts from periodic payments from proceeds of production attributable to oil and gas royalties and oil payments from working interests in the Bates Trust properties be treated as income; that the Church is not entitled to any part of the net income from the above; and further that the Trustee cannot withhold, for the benefit of the Church, any amount from said income for depreciation on the physical properties located on the Trust oil and gas properties.

The Church has appealed on two points of error, contending, first, the court erred in holding the Church was not entitled to have held for its future use and benefit 27.5 per cent of the gross proceeds received from the properties; second, the court erred in holding the Trustee should not depreciate for tax purposes the physical equipment used in connection with producing oil and gas properties and retain such sums of money for the future use and benefit of the Church.

The appellant argues that the testator did not set out in the will what should be considered as principal and what should be considered as income, and therefore Article 7425b–33 is applicable, and that under the provisions of said Act the Trustee should hold for the remainderman (the

Church) 27.5 per cent of the gross proceeds.

■ The Trust Act is framed to supplement rather than to supplant the desires of a trustor. What then were the desires of the testator in setting up the Trust?

■ In construing a will the testator's intent must be ascertained from the meaning of the words in the instrument. Hunt v. White, 24 Tex. 643.

The testator directs the Trustee to collect and receive "all rent, royalties, rentals, bonuses, payments, claims, settlements in compromise, *all income of any nature* (emphasis ours) which may arise out of or due to the ownership of any interest in any of these oil or gas leases, mineral rights and thereafter pay out or use, hold and apply the same in the manner and upon the terms and conditions hereinafter provided, charging the Trust account with the amount so received and disbursed." He then directs the Trustee to pay costs of administration and taxes, pay cash bequests to six different persons, and after the above expenses and bequests were paid "then the income from the Trust shall be paid to Mrs. Iva Lou Lowry of Fort Worth, Texas as long as she shall live."

In directing the Trustee to use "all income of any nature * * * as hereinafter provided," it is clear to us that he meant for the costs of administration, inheritance taxes, income taxes, estate taxes and the cash bequests to be paid out of "income." He lists royalties, rent, bonuses and claims, along with "all income of any nature." He is not distinguishing royalty from claims, compromise settlements or any other income. The expenses, bequests, etc., were to be paid out of any income from any source coming into the hands of the Trustee from the Trust properties. Then follows immediately the words, "then the income from the Trust" shall be paid to Mrs. Lowry. The income from the Trust is used, apparently, in the same sense as used when directing the Trustee to pay taxes, expenses and cash bequests, namely, out of "income of any nature."

He expressly confers upon the Trustee the rights and powers conferred upon trustees under Article 7425b-1 and following statutes, but adds the words, "which are not in conflict with the provision hereof."

If he meant, by the language of the will, that all "income of any nature," except expenses, etc., and the named bequests, was to go to Mrs. Lowry, then Article 7425b-33 providing that royalties shall be apportioned 27½ per cent to principal, is in conflict with Bates' will and should not prevail.

■ Section 26 of the above Act expressly gives the person establishing the principal the right to determine the manner of ascertainment of income and principal. It is only when he fails to so provide that Section 33 prevails.

In providing for Bobby Lowry, if Mrs. Lowry dies before Bobby reaches twenty-one, the testator uses the words, "the income from this Trust" shall be paid to Bobby until he reaches the age of twenty-one. Again, in our opinion, he considered "the income" to be all the money coming into the Trust from the property in question.

In a subsequent paragraph he provides that out of "the income" received each month the Trustee shall pay itself a reasonable amount to take care of any taxes, operation expense to protect the assets or interest or earning power of the Trust, legal expenses, etc., and then shall pay "the income" monthly to the beneficiary, Mrs. Lowry, and then provides that the Trustee may withhold part or all "of the current monthly cash income * * * to pay any expenses in connection with the protection, management or preservation of the Trust property." The Trustee is also given power to borrow money and pledge future income for the benefit of Mrs. Lowry, and give its note as Trustee, secured by assets in the Trust, for the purpose of borrowing such money.

We are constrained to agree with appellees that the testator used the word "income" in an unrestricted sense; that is, he meant by "income" all the revenue received by the Trustee from the property placed in Trust.

The Trustee is not restricted, in paying taxes, administration expense, preserving the assets, to any particular "income." As heretofore stated, the testator lumps all revenue into one classification, "all income of any nature," which might arise out of or due to any ownership in the Trust property.

The testator provides that "upon the termination of the Trust * * *, the Trustee shall deliver all properties of any kind and in kind held by the Trustee to St. Marks Episcopal Church, Mt. Pleasant, Texas." Nowhere does he specially provide for any payment of any kind to the Church until the termination of the Trust. No provision is made for payment of any income or proceeds of any kind to the Church. On the other hand, he repeatedly refers to "the income" in directing what should be paid to Mrs. Lowry.

We believe, and hold, in construing the will as a whole, that the testator meant for Mrs. Lowry to receive all the revenues, except what the Trustee was particularly authorized to withhold, derived from the Trust property, and that he did not intend, and the language used shows no such intention, to give the remainderman $27\frac{1}{2}$ per cent of the income.

Neither do we believe the court erred in holding the Trustee should not depreciate for tax purposes the physical equipment used in connection with producing oil and gas properties. The Trustee was given authority to use current monthly income to protect and preserve the Trust property.

Since the will, construed as a whole, shows an intent on the part of the testator that the Trustee pay to Mrs. Lowry all the income from the Trust property, with specific exception, until she dies, or if she dies

before Bobby reaches twenty-one, Bobby to receive such income until he reaches twenty-one, it is our duty to give it that interpretation, for the law upholds rather than destroys trusts. Munger v. Munger, Tex. Civ.App., 298 S.W. 470; Neely v. Brogden, Tex.Com.App., 239 S.W. 192.

The judgment of the trial court is affirmed.