1 None.  2 At another point in stipulation, figure of 253.  3 Unknown.
4 The certificate of reasonable value, and the maximum selling price, of each house and lot in this tract was $10,700 or $10,600.  The certificates of reasonable value for the other tracts were not introduced in evidence.  5 Land sold prior to construction.

ZILLAH MAE TURMAN, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81268.  Filed March 20, 1961.

*Frank B. Appleman, Esq.,* for the petitioner.
*John D. Laflin, Esq.,* for the respondent.

### OPINION.

WITHEY, *Judge:* The Commissioner has determined a deficiency in the petitioner's gift tax for the year 1955 in the amount of $11,239.14.

The only issue presented for determination is the correctness of the respondent's action in determining that the petitioner made a taxable gift of $71,231.09 during 1955.

All of the facts have been stipulated and are so found.

The petitioner resides in Fort Worth, Texas, and filed her gift tax return for the calendar year 1955 with the district director of internal revenue in Dallas, Texas. She is the widow of Luther C. Turman, who died testate on November 3, 1955. The will of Luther C. Turman, sometimes hereinafter referred to as the decedent, was duly admitted to probate in Tarrant County, Texas.

By paragraph III of his will the decedent bequeathed to petitioner all of his interest in the household furniture, fixtures, equipment, and supplies in and around the home; his personal effects, memberships in social clubs, and any family automobiles in use at the time of his death; and all his interest in the stock of a named oil company.

The decedent's will also contained the following provisions:

### IV

It is my intention by this will to dispose of not only my separate property, if any, but the entire community estate owned by my beloved wife Zillah Mae and myself, specifically including my beloved wife Zillah Mae's community one-half interest. My principal desire is for Zillah Mae and our two children to be amply cared for, and I am convinced it will be to the best interests of these loved ones that the entire estate, with the exception of the items mentioned in paragraph III above, be administered as a whole.

Therefore, all the rest and residue of my estate and, if she elects to abide by the terms of this will, all of my beloved wife Zillah Mae's one-half interest in our community property (except for the items in paragraph III) I hereby give, devise and bequeath to The Fort Worth National Bank, as trustee, subject to the following terms and conditions:

a.) The trustee shall create two trusts of equal value, one to be named the ZILLAH MAE TURMAN, Jr. TRUST and the other to be named the WILLIAM FORD TURMAN TRUST. The trustee may hold undivided interests in each trust in order to insure that at the beginning each trust shall be equal in value to the other.

b.) If my beloved wife Zillah Mae shall survive me and shall accept the dispositions of this will, the Trustee shall distribute to her, in equal shares from the trusts at convenient intervals, preferably monthly, so much of the net income

or principal of the two trusts as the trustee in its sole discretion deems necessary for her proper support and comfort, including travel. Based on present living costs and our own standard of living, I suggest for the Trustee's consideration and guidance that payments of approximately $1,000 per month be made to her, and that additional funds be paid to her to permit the purchase of a new automobile every three years and to take care of necessary repairs and upkeep of, and taxes and insurance on, the home she may be occupying.

Any amounts of income not distributed to her may, in the sole discretion of the Trustee, be either accumulated as part of the respective trust estates or distributed to the child for whom each trust is named, or part may be accumulated and part distributed; and the Trustee in determining the amounts to be distributed to Zillah Mae Turman, Jr. from the trust named for her and the amounts to be distributed to William Ford Turman from the trust named for him shall consider their respective needs for support and education as well as other sources of income available to them and known to the trustee. Where income is insufficient for such needs, principal may be used. I desire that each shall be amply provided for, either from the respective trusts or outside sources or both, but I caution the Trustee, my surviving wife and our two children to guard against improvidence and waste on the part of Zillah Mae, Jr. and William. They have shown no improvident or wasteful habits thus far, and I do not wish to encourage the development of such habits in the future.

c.) If my beloved wife Zillah Mae does not survive me, or if she survives but does not accept the dispositions of this will or dies before William Ford Turman reaches the age of 35 years, the Trustee shall manage the trusts for the respective benefits of Zillah Mae Turman, Jr. and William Ford Turman, and shall distribute to them at convenient intervals, preferably monthly, such amounts of net income, or of principal where necessary, as the trustee in its sole discretion may find necessary for their proper comfort, support and education, bearing in mind their accustomed standards of living and other sources of income available to them.

The will further provides that the trusts therein created shall terminate upon the death of the petitioner provided she dies after December 17, 1972, otherwise they are to continue until December 17, 1972.

In 1955 the petitioner elected to take under the will of the decedent pursuant to and in consideration of the provisions of paragraph IV (a) and (b). This election was evidenced by the following instrument: [1]

THE STATE OF TEXAS
COUNTY OF TARRANT

I, ZILLAH MAE TURMAN, surviving wife, of LUTHER C. TURMAN, deceased, late of the County of Tarrant, State of Texas, do hereby elect to take under the will of said LUTHER C. TURMAN heretofore admitted to probate in the County Court of Tarrant County, Texas, in Cause No. 25463, reference to which will is here made for all purposes, and not to lay claim to my legal share of the community estate of myself and my said deceased husband. In that connection, it is my desire and I do hereby declare it to be my election that my undivided one-half (½) interest in the said community estate, except the items mentioned in paragraph III of Luther C. Turman's will above referred

---

[1] The record does not disclose any reason for the discrepancy between the notarization date of the instrument, February 6, 1957, and the stipulated fact that in 1955 petitioner elected to take under the will of the decedent.

to, be included in the property and estate devised and bequeathed by him unto the Fort Worth National Bank of Fort Worth, Texas, as Trustee, subject to the other provisions of said will.

/s/ Zillah Mae Turman.
ZILLAH MAE TURMAN.

/s/ MARY DAVIS,
/s/ RUFUS S. GARRETT,
   *Witnesses.*

THE STATE OF TEXAS
COUNTY OF TARRANT

BEFORE ME, the undersigned authority, on this day personally appeared ZILLAH MAE TURMAN, known to me to be the person whose name is subscribed to the foregoing and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 6th day of February A.D. 1957.

/s/ MARY DAVIS,
*Notary Public in and for*
*Tarrant County, Texas.*

The net value of the interest of the petitioner in the community property going into the trusts pursuant to her election was $182,032.36 and the net value of the decedent's interest in the community property going into the trusts was $137,877.09 or a total value of $319,-909.45 of all community property going into the trusts. The foregoing amounts are computed as follows:

| | Total | Petitioner's share | Decedent's share |
|---|---|---|---|
| Gross value at decedent's death | $568,704.00 | $284,352.00 | $284,352.00 |
| Less: | | | |
| Funeral and administration expenses | 17,829.64 | 8,914.82 | 8,914.82 |
| Community debts | 71,321.40 | 35,660.70 | 35,660.70 |
| Federal estate tax | 42,038.85 | | 42,038.85 |
| Texas inheritance tax | 2,116.42 | | 2,116.42 |
| Bequests to petitioner: | | | |
| High Point Oil Co. stock | 86,905.60 | 43,452.80 | 43,452.80 |
| Insurance | 25,008.64 | 12,504.32 | 12,504.32 |
| Memberships | 62.50 | 31.25 | 31.25 |
| Misc. household furniture, etc | 3,511.50 | 1,755.75 | 1,755.75 |
| Residue going into trusts | 319,909.45 | 182,032.36 | 137,877.09 |

At the time of her election to take under the decedent's will the petitioner was 42 years of age. The life estate factor for the petitioner at age 42 is 0.60869. Using that factor, the value of a life estate (1) in $319,909.45, the total value of the community property going into the trusts, was $194,725.68; (2) in $182,032.36, the value of the interest of the petitioner in the community property going into the trusts, was $110,801.27; and (3) in $137,877.09, the value of the interest of the decedent in the community property going into the trusts, was $83,924.41.

The trustee has distributed to petitioner from the trusts, pursuant to the terms of decedent's will, the following amounts:

| Date | Amount distributed |
|---|---|
| From Nov. 3, 1955, through Mar. 31, 1956 | $5,407.25 |
| From Apr. 1, 1956, through Mar. 31, 1957 | 20,938.33 |
| From Apr. 1, 1957, through Mar. 31, 1958 | 22,555.16 |
| From Apr. 1, 1958, through Mar. 31, 1959 | 26,627.40 |
| From Apr. 1, 1959, through Mar. 31, 1960 | 23,773.00 |

The value of an annuity of $12,000 per year for a person at age 42 is $208,693.20.

In determining the deficiency involved herein, the Commissioner determined that by virtue of her election under the will the petitioner made a taxable gift of $71,231.09 computed as follows:

| | |
|---|---|
| Value of petitioner's interest in the community property going into the trusts | $182,032.36 |
| Less: Value of the petitioner's life estate on $182,032.36 (using a factor of 0.60869) | 110,801.27 |
| Value of gift | 71,231.09 |

From the foregoing it is apparent that in making his determination the respondent did not reduce the value determined as a gift by the value of the petitioner's life estate in the property which the decedent contributed to the trusts. It is the respondent's failure in the foregoing respect which gives rise to the controversy here.

Respondent contends that under section 2512(b) of the Internal Revenue Code of 1954,[2] which is the counterpart of section 1002 of the 1939 Code and identical therewith, it is necessary, in order for petitioner to reduce the amount of her contribution of community property to the trusts by the value of the right to receive income from the entire amount of community property contributed to the trusts, for her to show that her transfer of property thereto was made for a consideration. He contends that the contribution of the decedent of his share of community property to the trusts was not motivated by any consideration running from petitioner to decedent or their children but was occasioned only by decedent's testamentary wish and his generosity; that there was no arm's-length transaction, bargaining, or agreement between petitioner and decedent and that for that reason no consideration is to be regarded as passing between them.

A like contention was considered and disposed of adversely to the respondent in *Commissioner* v. *Siegel*, 250 F. 2d 339 (C.A. 9, 1957), affirming 26 T.C. 743. In commenting upon "The Problem of Consideration" the Court of Appeals there said:

---

[2] SEC. 2512. VALUATION OF GIFTS.

(b) Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

We are of the view that the Commissioner's contention that the transaction was donative and that, as his brief puts it, "the taxpayer received no consideration whatsoever, adequate or not, for making the election" is without merit. The issue must be determined in the light of the community property law of California and the law of wills.

\* \* \* \* \* \* \*

Elections to take under a will by one of the spouses instead of property that he or she may be entitled to under state law have long been recognized as transactions in which the property surrendered is *considered the consideration for the offer made in the will* and accepted at the time of the execution of the will in a contemporaneous instrument or *thereafter.* \* \* \* [Emphasis supplied.]

In this connection the Court of Appeals quoted with approval from Page on Wills as follows:

The gift by will in lieu of the other right is said to be equivalent to an offer, and to offer something to the devisee in return for his property or interest.

In commenting further the Court of Appeals stated:

Most writers on the law of contracts and Courts which have dealt with the matter are in accord that the property surrendered is a consideration for that which is accepted, and what may begin as a unilateral offer turns into a binding contract upon such acceptance.

In view of the foregoing and since the parties are in agreement that under the laws of Texas the petitioner and the decedent prior to as well as at the time of decedent's death each had a present vested half interest in all their community property, we think the respondent's contention must be denied.

The petitioner contends that in determining that she had made a gift of $71,231.09 with respect to her interest in the community property going into the trusts the respondent erred by reducing the value of her interest going into the trusts, $182,032.36, by only the value of her life estate in such interest, $110,801.27. She contends that respondent should have also reduced her interest in the community property going into the trusts by the further amount of $83,924.41, representing the value of her life estate in the decedent's interest in the community property going into the trusts. She urges that if that is done, it will be apparent that she has not made a gift and that in fact in return for her interest of $182,032.36 in the community property going into the trusts she has not only received property of an equal value but also has received property of a value of $12,693.32 in excess thereof. In other words, for her interest of $182,032.36 in the community property going into the trusts she has received property of a value of $194,725.68. In support of her contentions she relies on our holdings in *Chase National Bank*, 25 T.C. 617, and *Commissioner* v. *Siegel, supra.*

In *Chase National Bank, supra,* a husband, residing with his wife in Texas, died leaving a will which we held established a residuary trust of community property and in which the wife was named as

the life beneficiary of the trust. We held that the will put the wife to an election and that she had elected to take under the will. We further held that by so electing she had made—

a taxable gift to the extent of her community one-half of the principal less the life estate reserved by her therein, reduced by the value of the life estate received by her in the other one-half of the trust as consideration.

In *Commissioner* v. *Siegel, supra,* a husband, residing with his wife in California, died leaving a will which we held established a residuary trust of community property and in which the wife was named as the life beneficiary of the trust. The wife elected to take under the will. We there held that the wife had made a taxable gift and that the extent thereof was to be determined in accordance with the above-mentioned rule laid down in *Chase National Bank, supra.* As heretofore shown the *Siegel* case was affirmed on appeal.

In *Commissioner* v. *Chase Manhattan Bank,* 259 F. 2d. 231 (C.A. 5, 1958), our holding in *Chase National Bank, supra,* that the husband's will put the wife to an election, that she had elected to take under the will, and that by so electing she had made a taxable gift, was reversed. In reversing our holding the Court of Appeals disagreed with us as to the facts established by the record and the import of such facts and took the view that the will did not put the wife to an election, but assuming that the will put her to an election she did not elect, that she still held her share of the community property, and that therefore there was no taxable gift of the wife's share of the community property to the testamentary trust created by the will. Having taken the foregoing view it became unnecessary for the Court of Appeals to discuss and it did not discuss the correctness of the rule laid down by us in the case for determining the extent to which we considered the wife had made a gift. That the Court of Appeals was familiar with the affirmance of our action in the *Siegel* case by the Court of Appeals for the Ninth Circuit is evidenced by its references to the case and particularly in a footnote to its opinion in which it observed that the decision was "in the taxpayer's favor." Since the respondent does not contend here that the decision of the Court of Appeals in *Commissioner* v. *Chase Manhattan Bank, supra,* in anywise conflicts with the above-mentioned rule laid down by us in that case and followed in the *Siegel* case, and being of the opinion that there is no conflict, we see no reason for changing the rule. In our view the rule is applicable and controlling here. Accordingly, we sustain the petitioner and hold that since the present value of her right to life income from the entire community property going into the trusts exceeded the value of her share of such property going into the trusts, she made no taxable gift.

*Decision will be entered under Rule 50.*