Will WILSON, Attorney General of the State of Texas, et al., Appellants,

v.

Forrest M. SMITH et al., Appellees.

No. 14148.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1963.

Rehearing Denied Dec. 18, 1963.

Stanley Mosk, Atty. Gen., San Francisco, Cal., Carl Boronkay, Los Angeles, Cal., Waggoner Carr, Atty. Gen., J. S. Bracewell, Ben Harrison, Asst. Attys. Gen., Austin, Tex., for appellants.

Dodson, Duke & Branch, San Antonio, Tex., Stanley Mosk, Atty. Gen., San Francisco, Cal., Carl Boronkay, Otto J. Hetzel, Von Herzen & Laidig, Los Angeles, Cal., Stahl & Sohn, San Antonio, Tex., for appellees.

MURRAY, Chief Justice.

This suit was brought in the District Court of Bexar County, Texas, by Petitioners Forrest M. Smith, Ernest M. Groos and T. C. Frost, Trustees of the Morrison Trust created under the will of R. W. Morrison, deceased, for a declaratory judgment construing the will of R. W. Morrison and setting forth their duties under the will.

Dr. Ben B. Burrows of Los Angeles, California, a chiropractor holding a chiropractic license in California, Edmund G. Brown, then Attorney General of the State of California, Will Wilson, then Attorney General of the State of Texas, Fred M. Standley, then Attorney General of the State of New Mexico, and Baylor University, Waco, Texas, were named defendants. Baylor University disclaimed any interest in the 50% of the income from the Morrison Trust to be donated to the establishment and maintenance of Clinic-Hospitals in California and elsewhere. The Attorney General of the State of New Mexico did not answer but defaulted.

The Attorney General of Texas answered that the establishment and operation of a clinic-hospital in Texas as provided and for the purposes stated in the Morrison will is prohibited by and contrary to the law and policy of the State of Texas, therefore such provisions are invalid and, being invalid are void everywhere, and cannot be enforced as to the establishment and operation of such clinic-hospital in California, New Mexico, or elsewhere.

The case was tried before the court without a jury, and the trial court entered judgment, making many findings of fact and giving many instructions as to the duties of the trustees of the Morrison Trust, and members of the clinic-hospital committee yet to be appointed. This appeal has been perfected by Hon. Waggoner Carr, now Attorney General of the State of Texas.

The trial court, among other things, decreed as follows:

"That the clinic-hospital committee, to be composed of chiropractors licensed in the State of California and trained in the same art and science as that practiced and advocated by Dr. Ben B. Burrows, the directing committee member, if doing research and study and applying the methods of nutrition, blood chemistry, physical therapy, radionics, electricity and other methods of non-medicinal healing in the treatment of human illness in a clinic-hospital established in the State of Texas, would be in violation of the laws and public policy of the State of Texas and in particular the Medical Practice Act, the Chiropractic Act and Hospital Licensing Act of the State of Texas, and it is the judgment of this court that the establishment, maintenance and operation of such a clinic-hospital in the State of Texas in the manner set forth in the testator's will would be violative of the laws and public policy of the State of Texas and such clinic-hospital provisions of said testator's will are invalid in the State of Texas."

We agree with this provision of the trial court's judgment as it is fully supported by the undisputed facts. The Morrison will provided, among other things, that:

"5. Said Clinic-Hospitals shall be devoted exclusively to the scientific study, research and improvement of existing methods, and to the development of new methods of treating and of preventing human sickness, particular-

ly with respect to the effects on human health of nutrition, blood chemistry, radionics and electricity, and to methods of non-medicinal healing, and to applying the knowledge so acquired in the treatment of human sickness.

"6. Should said committee fail or refuse to operate any Clinic-Hospital herein provided for in full accordance with the directions contained herein, or to properly account for all receipts coming into their hands and all disbursements therefrom, said trustees shall remove each member of said committee so failing or refusing and shall select and appoint their successors. Annual audits shall be made and delivered to the trustees by a C.P.A. selected by them of all Clinic-Hospital funds and accounts.

"7. Reasonable charges for service rendered by said Clinic-Hospital shall be made to all who may avail themselves thereof and who may be financially able to pay therefor, but no needy person shall ever be denied service solely by reason of inability to pay therefor, and all payments received for such services shall be paid to the committee operating the ·Clinic-Hospital and shall be used by them solely for the purposes thereof."

█ It is quite clear that the establishment and maintenance of such clinic-hospital is not only contrary to the civil laws of Texas, but is also denounced as a crime by our criminal laws. Medical Practice Act, Art. 4495, etc., Vernon's Ann.Civ. Stats.; Art. 739 Vernon's Penal Code; Art. 742 V.P.C.; Texas Hospital Licensing Law, Art. 4437f, Sec. 16, Vernon's Ann.Civ. Stats.; The Chiropractic Act, Art. 4512b, V.A.C.S. See also Wilson v. State Board of Naturopathic Examiners, Tex.Civ.App., 298 S.W.2d 946.

The trial court further found:

"That the validity of the clinic-hospital provisions of the trust insofar as it

authorizes the acts to be performed by such clinic-hospital committee in the State of California is to be determined with reference to California law. and not Texas law. That the above acts to be performed by such clinic-hospital committee would not be in violation of the laws or the public policy of the State of California, and, therefore, the Board of Trustees are authorized to carry out the clinic-hospital provisions of the Morrison Trust in the State of California as expeditiously as said Trustees may reasonably in their judgment do so."

We do not agree with this part of the judgment, and the trial court committed reversible error in so decreeing. The laws of Texas and not California should here be applied.

The trial court correctly decreed as follows:

"(a) That the domicile of the testator, R. W. Morrison, at the time of his death was in Bexar County, Texas; that the last will of R. W. Morrison was probated in Bexar County, Texas, and his estate was administered in Bexar County, Texas; that all of the assets of the Morrison Trust are situated and have their situs within the State of Texas, and all of the Trustees of the Morrison Trust are, and are to be, residents of the State of Texas.

"(b) That the Morrison Trust is to be continuously administered and treated as one trust, with the corpus and income handled together and treated as a single fund, and the entire net income therefrom each year, after payment of the annuities specified in said will, shall be credited on the books of the trust by the Trustees as follows: 50% to the clinic-hospitals account or fund; 25% to Baylor University, and 25% to the fund for perpetuation, preservation and maintenance of the physical properties of the trust as in said ˎ

will provided; that income not distributed each year shall be invested and handled along with other funds of the trust as a single fund, as the Trustees, in the exercise of their discretion and judgment, deem in the best interest of the trust, and all income shall accrue to the benefit of the entire trust.

"(c) That it was the intention of the testator that the Trustees of the Morrison Trust at all times administer said trust within the State of Texas and not elsewhere; that the same is now being administered wholly within the State of Texas, and that the income from said trust be used for the purposes as stated and directed in said will; that the corpus of the Morrison Trust shall remain in Texas and be at all times administered by the Board of Trustees of the Morrison Trust within the State of Texas and not elsewhere, and the same will be at all times subject to the jurisdiction of the courts of the State of Texas."

■ There can be no question as to where the situs of the Morrison Trust is; it is in Bexar County, Texas. R. W. Morrison resided in Texas at the time of his death, the property put into the trust was located in Texas, the trustees are to continuously reside in Texas, and are to manage the Morrison Trust in Texas. Under such circumstances, the trust must be governed by the laws of Texas, and the validity of the various provisions of the will must be determined by the laws of Texas. Sec. 377, American Law Institute, Restatement of the Law of Trusts; 42 Tex. Jur. 672, § 64; 44 Tex.Jur. 773, § 206; American Law Institute, Restatement of Conflict of Laws, § 487; Stumberg, Principles of Conflict of Laws, p. 397; Page on Wills, 3rd Ed., § 164.7, Trusts; Beale, The Conflict of Laws, § 243.1; Cavers, 44 Harvard Law Review 161; Stumberg, 34 Texas Law Review; Annotations, 89 A.L. R. 1023, 139 A.L.R. 1129, and cases cited therein. Toledo Society for Crippled Chil-

dren v. Hickok, 152 Tex. 578, 261 S.W.2d 692, 43 A.L.R.2d 553, certiorari den., 347 U.S. 936, 98 L.Ed. 1086, 74 S.Ct. 631, 115 A.L.R. 802. Laval v. Staffel, 64 Tex. 370; Holman v. Hopkins, 27 Tex. 38; Munger v. Munger, Tex.Civ.App., 298 S.W. 470; Albuquerque Nat. Bank v. Citizens Nat. Bank in Abilene, 5 Cir., 212 F.2d 943; DeVaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Jenkins v. First Nat. Bank in Dallas, 107 F.2d 764, Fifth Circuit Court of Appeals.

■ The Morrison Trust is a charitable trust created under the laws of Texas, Art. 7425b–1 to Art. 7425b–47, Vernon's Ann.Civ.Stats. Art. 7425b–3 provides, among other things: "A trust in relation to, or consisting of, real, personal or mixed property may be created or established for any use or purpose which is not illegal."

■ Certainly the establishment and maintenance of the clinic-hospitals provided for in the will is against the public policy, the Civil Statutes and the Criminal Statutes of this State, and the fact that one of the hospitals would be established, maintained and operated in California does not change the situation. When the Texas laws are applied, and they must be applied under the above authorities, the establishing and maintaining of such a clinic-hospital is a crime wherever it may be, and it is not converted into a charity simply because it is established beyond the territorial limits of the State of Texas. Certainly we will not have Texas land and personal property administered by Texas Trustees under Texas law, and the revenue sent to another State for a purpose which is criminal under our laws, although it is not condemned as criminal in the foreign jurisdiction. For this Court to hold otherwise would be to take an untenable and inconsistent position which no court should take.

We find it unnecessary to discuss other matters herein presented, as what we have said above effectively disposes of all questions herein presented.

The will, in paragraph XII, provides as follows:

"This trust shall never fail if for any reason it may not be operated for the exact purposes and in the exact manner herein specified, but, in either of the latter events, the trustees are authorized and directed to operate said Clinic-Hospital or Clinic-Hospitals for purposes as nearly to those specified as, in their judgment, may be done."

For obvious reasons, we do not here attempt to state what may be done by the trustees of the Morrison Trust under the provisions of that paragraph.

The judgment of the trial court is reversed insofar as it undertakes to set out the duties of the Trustees of the Morrison Trust and the members of the Clinic-Hospital Committee, and the Trustees of the Morrison Trust are instructed that in administering the trust they are to disregard the provisions of the will as to establishing and maintaining the clinic-hospitals described in the will, for the exclusive purposes set forth therein.