ESTATE OF BLUMA STEINMAN, REUBEN STEINMAN AND WILLIAM STEINMAN, CO-EXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4525–75.     Filed February 27, 1978.

*Allen D. Shugar,* for the petitioner.
*Richard W. Kennedy,* for the respondent.

STERRETT, *Judge:* Respondent, on February 20, 1975, issued a statutory notice of deficiency in which he determined a deficiency in petitioner's Federal estate tax totaling $21,852.89 resulting from the following adjustments:

| Item | As reported on return | As determined by respondent | Adjustment |
|---|---|---|---|
| Schedule C: Cash | $8,106.33 | $8,851.21 | $744.88 |
| Schedule H: Power of Appointment | 50,171.89 | 127,202.96 | 77,031.07 |
| Schedule J: Administrative expenses | (2,000.00) | 0 | 2,000.00 |
| Schedule K: Debts | 0 | 1,608.26 | (1,608.26) |
| Schedule L: Attorney's and trustee's fees | 2,500.00 | 3,300.00 | (800.00) |

The parties agree that the adjustments made to Schedules C, J, K, and L are correct and proper in all respects. The adjustment made to Schedule H remains in dispute.

### FINDINGS OF FACT

This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure; hence all of the facts have been stipulated and are so found.

Bluma Steinman (hereinafter decedent) died testate on December 15, 1970. At the time of her death she resided in Los Angeles, Calif. A timely estate tax return was filed on her behalf by her coexecutors, Reuben Steinman and William Steinman (hereafter referred to as petitioners).

Decedent's husband, Israel Steinman (hereinafter Steinman), died testate March 11, 1954. His will was probated and the property therein distributed. In said will, Steinman established two trusts: the Bluma Steinman Trust and the Residual Trust.

The provisions establishing the Bluma Steinman Trust provided as follows:

B. The BLUMA STEINMAN TRUST shall comprise the following:

Property qualified for the Marital Deduction of Section 812(e) of the Internal Revenue Code or successor sections, of a value less encumbrances which, when added to the value of all other qualified property (excluding the value of my wife's community share) passing to my wife under this Will or in any other manner except family allowance, will be equal in value to one-half of my adjusted gross estate. For the purpose of this paragraph, value shall accord with that determined for Federal Estate Tax, and; Property of a value equal to my wife's portion of our community property less the value of our community

property passing to her, whether under this Will (except pursuant to this article) or otherwise.

1. All net income derived from the BLUMA STEINMAN TRUST from and after my death shall be paid in annual or more frequent convenient installments to my wife for her life.

2. If the Trustee in its discretion deems my wife's income insufficient to provide for her support, care and comfort, the Trustees may pay to her or apply for her benefit so much of the principal of the BLUMA STEINMAN TRUST as the Trustees may deem proper or necessary for that purpose.

3. The entire principal and accrued and undistributed income of the BLUMA STEINMAN TRUST may be appointed free of the trust by my wife to her own estate or in any other manner, without limitation, by a specific direction in her Last Will. To the extent that such appointment is not effectively made, the assets of the BLUMA STEINMAN TRUST shall become a part of the RESIDUAL TRUST on my wife's death.

The provisions in Steinman's will establishing the Residual Trust provided, in pertinent part, as follows:

C. THE RESIDUAL TRUST shall comprise the remainder of the rest and residue of my estate, and if my wife shall have predeceased me, shall comprise all of said rest and residue.

1. All net income derived from the RESIDUAL TRUST shall be paid in convenient installments to my wife for her life.

Upon decedent's death the beneficiaries under the trust were Steinman's children. Steinman's will was probated and his property was distributed pursuant thereto.

At the time Steinman executed his will decedent elected to take under his will rather than to take her statutory community property share. Thus, her share of such property passed according to Steinman's will.

The power of appointment, which decedent received under the provisions of Steinman's will, was a general testamentary power over the corpus of the Bluma Steinman Trust to be exercised by specific direction. Decedent's will, in pertinent part, exercised her power of appointment by providing as follows:

### ARTICLE FIVE

I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, wherever situated, including all lapsed and failed legacies and devises and all property over which I may have the power of appointment outstanding at the time of my death, including, specifically, but not limited to, power of appointment under trust created under the Last Will and Testament of my husband, ISRAEL STEINMAN, as follows:

1. The real property commonly known as 733–5 South Ogden Drive, Los Angeles 36, California, and one-fourth of the balance of my estate, hereinafter

sometimes referred to as the "trust estate", to the Trustees hereinafter named, in trust, to be held, managed and distributed as set forth in ARTICLE SIX hereof.

2. The rest, residue and remainder thereof, share and share alike, to my children, RUBEN, WILLIAM and DOROTHY, excluding any of them then deceased without issue suriving, but including, by right of representation, the then living issue of any of them then deceased.

The codicil to the will did not disturb the provisions of Article Five of decedent's will. The will and codicil were admitted to probate.

The property referred to in Schedule H of decedent's estate tax return, the corpus of the Bluma Steinman Trust, is a three-fifths interest in improved commercial realty, commonly known as 250–258 S. Main Street, Los Angeles. The parties agree that the fair market value of the three-fifths interest of such property is $109,400.

The corpus of the Bluma Steinman Trust is includable in the gross estate of Bluma Steinman under the provisions of section 2041, I.R.C. 1954, as a general power of appointment which decedent held at the time of her death.

OPINION

The sole issue before the Court is whether the amount to be included in decedent's gross estate under section 2041(a)[1] should be reduced by reason of section 2043(a).[2]

Petitioners contend that because decedent's power of appoint-

---

[1]SEC. 2041. POWERS OF APPOINTMENT.
(a) IN GENERAL.—The value of the gross estate shall include the value of all property—

\*        \*        \*        \*        \*        \*        \*

(2) POWER CREATED AFTER OCTOBER 21, 1942.—To the extent of any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942 \* \* \*

[2]SEC. 2043. TRANSFERS FOR INSUFFICIENT CONSIDERATION.
(a) IN GENERAL.—If any one of the transfers, trusts, interests, rights or powers enumerated and described in section 2035 to 2038, inclusive, and section 2041 is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent.

(b) MARITAL RIGHTS NOT TREATED AS CONSIDERATION.—For purposes of this chapter, a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

It should be noted that subsec. 2043(b) is not applicable when community property rights are involved. Such rights do not fall within the definition of "marital rights in the decedent's property"

ment was created in a transaction that did not result in a bona fide sale for adequate and full consideration, application of section 2043(a) causes the fair market value of the property which would otherwise be included in decedent's gross estate by reason of section 2041 to be reduced by the consideration decedent received in the transaction. In support of their argument, petitioners compare the situation at hand to that in *Estate of Gregory v. Commissioner,* 39 T.C. 1012 (1963), and *Estate of Christ v. Commissioner,* 480 F.2d 171 (9th Cir. 1973), wherein this Court and the Ninth Circuit, respectively, recognized that when a taxpayer elects to allow her share in community property to pass under her spouse's will in return for an income interest for life, the amount included in her estate is reduced by the date of transfer value of the property she receives as the result of such election.

The important point which distinguishes the situation herein from that in *Gregory* and *Christ* is that decedent received not only an income interest in the trust, but a general testamentary power of appointment over its corpus in return for the surrender of her interest in the community property. Thus, the section causing the inclusion of the corpus of the Bluma Steinman Trust in decedent's gross estate is not section 2036, but section 2041.

This distinction does not, on its face, cause a rejection of petitioners' basic premise because section 2043(a) specifically applies to section 2041. It does, however, cause us to examine the application of section 2043(a) in relation to section 2041.

We have previously found that, when dealing with section 2041, section 2043(a) should be paraphrased or edited to read as follows: If any power described in section 2041 is exercised or relinquished for consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included due to the application of section 2041 over the value of the consideration received by the decedent for such exercise or relinquishment. *Estate of Frothingham v. Commissioner,* 60 T.C. 211 (1973).

Petitioners object to this interpretation of section 2043(a) and

because they are property rights vested in each spouse upon the acquisition of the property. *Poe v. Seaborn,* 282 U.S. 101 (1930); Cal. Civ. Code sec. 5105 (West 1970).

assert that no distinction should exist between the integration of section 2043 with section 2041. We cannot agree.

In our case in *Gregory*, and *Christ*, the total community property passed under the will of the spouse who was first to die. In both factual situations the surviving spouse elected to allow her interest in the community property to pass under the will of the spouse who was the first to die. Such an election cannot artificially increase the gross estate of the decedent spouse because by definition the gross estate includes only the value of the decedent's interest in the property at the time of his death.[3]

We have held that, when the surviving spouse makes an election to allow her interest in the community property to pass under the decedent spouse's will, her interest in such property should not be included in her gross estate under section 2033. *Estate of Bressani v. Commissioner*, 45 T.C. 373 (1966).

For purposes of section 2033 it is immaterial whether the surviving spouse, in return for her election, received a life interest in the community property, a life interest plus a power of appointment over the property, or no interest in the property. However, if that spouse now dies having held a life estate in the property, or a life estate with a power of appointment over the property, sections 2036 and 2041, respectively, will cause an inclusion of the property subject to the life estate or power of appointment in her gross estate.

The parallels between the factual situations tend to obfuscate the differences in the language and the application of sections 2036 and 2041. Therefore, at this point a distinction between the sections must be made. If a "surviving spouse" received only a life interest in the community property interest that she has surrendered, she has made a gift of the remainder interest at the time of the decedent spouse's death, and gift tax will be paid thereon. *Estate of Bressani v. Commissioner, supra*. However, if the surviving spouse receives a power of appointment over the property no gift is made or taxed.

Congress obviously views the retention of a life estate quite differently from a life estate with a power of appointment over the corpus. Thus, section 2036 contains language excepting

---

[3]Respondent implies that to allow a reduction in the sec. 2041 inclusion due to sec. 2043 would duplicate the effect of sec. 2056. On this point he is in error. For purposes of calculating the marital deduction, sec. 2056(c) excludes any interest in community property from the adjusted gross estate. Therefore, no sec. 2056 deduction arose as a result of the Bluma Steinman Trust.

property from the gross estate when the transfer in which the decedent retained the life interest was made pursuant to "a bona fide sale for an adequate and full consideration in money or money's worth." Section 2041 does not contain a parallel provision. After all, it is an exceptional transfer in which the transferor retains both a life interest and a power of appointment over the property.[4]

Admittedly, there is little difference between the *effect* that a transfer of community property with a retained life interest and a transfer of community property with a retained life interest and power of appointment (when the latter is not exercised in favor of the estate) have with regard to the depletion of the surviving spouse's estate. Both deplete the estate to the extent that the value of the transferred community property interest exceeds the value of the life interest received in the exchange. However, as noted above, Congress chose to make a distinction between the language and hence, the application of sections 2036 and 2041 which cannot be ignored. Thus, only the value of property included in the gross estate under section 2036 is reduced by the value of compensation received at the time of creation. The value of property included in the gross estate under section 2041 will be reduced only if consideration is received for the exercise or release of the power. *Estate of Frothingham v. Commissioner, supra.*[5]

Therefore, the value of the corpus of the Bluma Steinman Trust included in decedent's gross estate under section 2041(a) as a general power of appointment which she held at the time of her death should not be reduced by the value of the interests in such trust that she received upon the creation of that power.

*Decision will be entered under Rule 155.*

---

[4] Sec. 2041(a)(2) does not specifically refer to powers created by the decedent, but to powers held by the decedent. Thus, typically the power that causes inclusion in the decedent's gross estate due to application of this section is not created by decedent. In our factual situation there could be much discussion with regard to exactly what the transferor has given up.

[5] It must be noted that the factual situation in *Frothingham* did not involve a transfer of a community property interest. However, we do not find this to be a significant difference.