MYRA B. ROBINSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2384–79.    Filed December 8, 1980.

*Edward R. Smith,* for the petitioner.
*Glenn D. Wilkinson,* for the respondent.

### OPINION

FAY, *Judge:* Respondent determined a deficiency of $58,676.97 in petitioner's Federal gift tax for the calendar quarter ending March 31, 1976. The issues for decision are whether petitioner made a taxable gift when she released certain powers held by her over a trust, and, if a gift was made, what was its value.

All of the facts have been stipulated and are so found.

Petitioner, Myra B. Robinson, resided in Big Spring, Tex., when she filed her petition herein. Petitioner was married to G. R. Robinson (hereinafter husband) who died testate on February 27, 1972. His will gave petitioner a choice—she could elect to let

her husband's will direct the disposition of her share of their community property and take fully under the will or she could retain her right to freely dispose of her community property share and take only a specific bequest of personal effects under the will. On August 22, 1972, petitioner filed an election with the County Court of Howard County, Tex., to accept the will's direction of the disposition of her community share. Neither party contests the validity or the binding effect of such election.

Pursuant to her election and her husband's will, petitioner's community property share became the corpus of the "Myra B. Robinson Trust" (hereinafter wife's trust) while her husband's interest in the community and any separate property he may have owned which was not specifically bequeathed were placed in the "G. R. Robinson Estate Trust" (hereinafter husband's trust). The terms of the wife's trust provide petitioner with a right to all the net income of that trust for life, while under the husband's trust she has a right to an annual amount from that trust equal to 4 percent of the initial corpus. Upon petitioner's death, the corpora of the two trusts are to be combined and then divided into equal shares for certain descendants of petitioner and her deceased husband. Petitioner is trustee of both trusts.[1]

As trustee of both trusts, petitioner has broad powers of management including powers to sell, exchange, pledge, or encumber the trusts; to invest in any property whatsoever, including wasting assets; and to make oil, gas, or mineral leases. Generally she can deal with the trusts as if she were the fee simple owner, and the terms of both trusts provide that they are to be construed in favor of the validity of any act or omission by petitioner as trustee. Petitioner, as trustee, also has the power in her discretion to allocate revenues, receipts, proceeds, disbursements, expenses, deductions, accruals, and losses of each trust between corpus and income. Her allocation need not be in accord with the Texas Trust Act, Tex. Civ. Code Ann. tit. 125A, art. 7425b–1 et seq. (Vernon 1960), which controls only if she does not exercise her power. In addition, she may distribute from either trust (looking to the wife's trust first) amounts necessary to

---

[1]The First National Bank of Midland (Texas) was named as cotrustee, but its sole duty as such was to exercise all rights pertaining to life insurance contracts on the husband's or individual trustee's life. The bank would become a full cotrustee if petitioner remarried. She has not done so.

maintain her standard of living if the mandatory distributions are not sufficient to do so.

Apart from her powers as trustee, petitioner had the following powers over the wife's trust:

During the life of my wife, she shall have the power, by recordable instrument delivered to the Trustee, to appoint any part or all of my wife's Trust free from such Trust to any one or more of our issue (or to the surviving spouse of any of our then deceased children) in such shares, manner and proportions as she shall see fit. In addition, my wife shall have the power, by recordable instrument delivered to the Trustee or by Will, to appoint any part or all of my wife's Trust free from such Trust to any one or more charities in such shares, manner and proportions as she shall see fit. Any such power described in this paragraph may be exercised only in a gratuitous way and not in a way which imposes any condition upon the recipient thereof. * * *

Thus, petitioner could appoint any part of the wife's trust to designated appointees or to qualifying charities. On March 26, 1976, petitioner executed a valid release of these appointment powers.

When the wife's trust was created, its value was $731,741.94, and when petitioner released her powers to appoint corpus, its value was $881,601.38. The husband's trust had a value of $483,962.02 when it was created.[2] Petitioner was born on December 20, 1919.

In his statutory notice of deficiency, respondent asserted a gift tax deficiency of $58,676.97 based on his determination that, when petitioner released her powers to appoint, she made a taxable gift of the remainder in the wife's trust corpus (her community property share).

The issue presented is whether petitioner's release of certain powers in a testamentary trust, created under her husband's will but funded with her share of community property, constituted a taxable gift under section 2512(a).[3] Respondent contends a gift was made and computes its value as follows: $881,601.38 (value of wife's trust on date of the release) × 0.31388 (factor for

---

[2]Respondent contends the value of the husband's trust should be reduced by $23,176.19 to represent interest on Federal estate tax and interest and penalties on State inheritance tax paid by G. R. Robinson's estate. In light of our holding, *infra*, that, although completed gift was made, petitioner is not entitled to a consideration offset, we need not address that contention.

[3]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

remainder interest per sec. 25.2512–9(f), Table A(2), Gift Tax Regs.) = $276,717.04. Petitioner contends the release did not constitute a taxable gift because she was neither the donor of the trust nor the creator of the powers. Alternatively, petitioner argues that if she is treated as the transferor to the wife's trust, she received adequate and full consideration in money or money's worth in the form of her interest in the husband's trust. We find for respondent.

Petitioner first contends that she is the donee of special powers of appointment under her husband's will citing *Self v. United States*, 135 Ct. Cl. 371, 142 F. Supp. 939 (1956), and *Commissioner v. Walston*, 168 F.2d 211 (4th Cir. 1948), affg. 8 T.C. 72 (1947), for the proposition that exercise of powers of appointment by the donee of the powers is not a gift. However, in this case petitioner is not the donee of her powers, rather she retained the powers when she transferred her community share to the wife's trust.

In *Siegel v. Commissioner*, 26 T.C. 743 (1956), affd. 250 F.2d 339 (9th Cir. 1957), a surviving widow elected to accept the disposition of her interest in community property according to her husband's will and received a life estate in the entire community. We held that the electing widow made a taxable gift of the remainder interest in her community share to the extent (if any) its value exceeded the value of the interest she received in her husband's community share. In other words, she was treated as transferring the remainder in her community share in exchange for a life estate in her deceased husband's community share.[4] In this case, petitioner, like the surviving widow in *Siegel,* received an interest in her husband's property in exchange for transferring her community share into the wife's trust. Thus, we have no problem concluding that petitioner was the transferor of her community share. See also *Lehman v. Commissioner*, 109 F.2d 99 (2d Cir. 1940), affg. 39 B.T.A. 17 (1939), cert. denied 310 U.S. 637 (1940).

Nor do we have any problem concluding that the limited powers to appoint corpus are interests petitioner retained when she made the transfer. Such is clear from an analysis of the

---

[4]In *Siegel v. Commissioner*, 26 T.C. 743 (1956), affd. 250 F.2d 339 (9th Cir. 1957), the amount of the gift was reduced by a $35,000 specific bequest made to the widow-taxpayer under her husband's will.

widow's election cases arising under section 2036. See *Estate of Christ v. Commissioner*, 480 F.2d 171 (9th Cir. 1973), affg. 54 T.C. 493 (1970); *Vardell's Estate v. Commissioner*, 307 F.2d 688 (5th Cir. 1962), revg. 35 T.C. 50 (1960). *Vardell* involved the estate of a widow who elected to accept the disposition of her community property share according to her husband's will and received a life estate in the entire community. We held that, upon her death, the entire date of death value of her community share was included in her gross estate under section 2036 since she had transferred her share but *retained* a life interest. The Fifth Circuit Court of Appeals reversed only to the extent that the included value should be reduced under section 2043(a) by the date of transfer value of her life interest in her husband's community share since it was consideration in money or money's worth for the transfer. The value of the widow's life interest in her own community share was not consideration because that was an interest she retained, not one that was transferred to her. The above analysis applies to petitioner's limited powers of appointment as well. They are powers she retained when the trust was created. In summary, we find that petitioner transferred her community share to the wife's trust but retained limited powers to appoint that trust's corpus.

Petitioner's second contention is that even if she was the transferor of her community share, she received adequate and full consideration in money or money's worth since the interest she received in the husband's trust was greater in value than the remainder interest in her community property when she elected to accept her husband's will. In *Turman v. Commissioner*, 35 T.C. 1123 (1961), we held that, if the interest an electing widow receives in her husband's property exceeds the value of what she relinquishes, no taxable gift is made. See sec. 2512(b). However, in *Turman* the electing widow actually parted with the remainder in her community share. In this case, petitioner did not part with the remainder interest in her community share when the trust was created. She still controlled it via her powers of appointment. We are willing to accept that the interest petitioner received in her husband's property was in exchange for the transfer of her community share to the wife's trust, but that transfer was very limited. Petitioner retained a life income interest and limited powers of appointment. She gave up very little, and what she received cannot be viewed as full and

adequate consideration for the completed transfer of her remainder interest simply because she did not transfer it. Thus, we conclude that petitioner did not receive adequate and full consideration for the transfer of the remainder in her community share when she elected to accept her husband's will.

Given our findings that petitioner transferred her community share to the wife's trust and retained limited powers of appointment, we must evaluate the effect of petitioner's release of those limited powers of appointment. The essence of a completed gift is the relinquishment of dominion and control by the transferor. Sec. 25.2511–2(b), Gift Tax Regs. When petitioner's release became effective, she no longer could alter the beneficial interests of the remainder interest in her community share. She relinquished dominion and control, and the transfer of the remainder became complete.[5] See generally *Latta v. Commissioner*, 212 F.2d 164 (3d Cir. 1954), affg. a Memorandum Opinion of this Court, cert. denied 348 U.S. 825 (1954); sec. 25.2512–2, Gift Tax Regs.

A gift is valued at the time it is completed (sec. 25.2512–1, Gift Tax Regs.), and the value of the remainder interest in petitioner's community share when she released her limited powers to appoint was $276,717.04. That is the amount of the gift unless petitioner received some offsetting consideration. See sec. 2512(b). Petitioner asserts that the interest in her husband's community share which she received should offset the value of the remainder in her community share which passed beyond her control when she released her powers to appoint. We cannot agree.

Section 2512(b) provides:

(b) Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift, and shall be included in computing the amount of gifts made during the calendar quarter.

It is apparent from the language of section 2512(b) that the amount of a gift is reduced only by consideration received for the transfer which constitutes the gift. At the time of her

---

[5]Since releasing her powers to appoint, petitioner has only a life income interest in the wife's trust and powers as trustee to administer the trusts and to distribute to herself amounts necessary to maintain her standard of living.

husband's death, petitioner received a limited life interest in her husband's property in exchange for transferring her community share into the wife's trust subject to the powers she retained. She received the interest in her husband's property regardless of whether she just held the appointment powers, exercised them, or released them. She received nothing for later releasing her powers to appoint. Petitioner's transfer of her community share to the wife's trust and the release of her limited powers to appoint are two separate transfers. We see no reason why consideration for transfer of one interest should serve as consideration for another separate transfer. See generally *Estate of Steinman v. Commissioner*, 69 T.C. 804 (1978). Thus, we conclude that the amount of petitioner's gift of the remainder in her community share cannot be reduced by the value of the interest she received in her husband's property.

We feel some sympathy for petitioner's position. If she had been able to retain only a life estate in her community share when she elected, no gift would have been made  and no part of her community share would be includable in her gross estate under section 2036 since the date of election value of her interest in her husband's community share exceeded the date of election value of the remainder interest in her community share. But she retained more. Even though the net effect of her release was the same as if she had never had the power, the fact remains that she did have it. The result may be unfortunate,  but it is unavoidable.

We have held that petitioner made a completed taxable gift of the remainder interest in her community property share when she released limited powers to appoint that share. Normally  our inquiry would end at that point. However, the broad powers held by petitioner as trustee of both trusts merit discussion.

Petitioner, as trustee of both trusts, has broad powers of management including powers to sell, exchange, pledge, or encumber the trusts and to invest in any property whatsoever including wasting assets. She also has the power in her discretion to allocate revenues, receipts, proceeds, disbursements, expenses, deductions, accruals, and losses of each trust between corpus and income. Petitioner is the income beneficiary of the wife's trust, the corpus of which is her community share. If she could use her administrative powers as trustee to divert the wife's trust corpus to herself, she could still control the

amount of the remainder interest, and a purported gift of the remainder would not be complete. For example, she could by either selling the assets and allocating all gain to income or by investing solely in wasting assets divert the entire corpus to herself as income beneficiary. Therefore, a remaining issue is whether the administrative powers held by petitioner are sufficiently broad to give her continuing dominion and control.

While the administrative powers given petitioner are broadly written, they must be examined in light of the testator's intent and the applicable State law to determine if they really are unlimited. See generally *Greer v. United States*, 448 F.2d 937 (4th Cir. 1971); *Miami Beach First National Bank v. United States*, 443 F.2d 116 (5th Cir. 1971); *Old Colony Trust Co. v. United States*, 423 F.2d 601 (1st Cir. 1970); *Estate of Speer v. Commissioner*, 57 T.C. 804 (1972); *Atwell v. United States*, 339 F. Supp. 425 (S.D. Tex. 1972); *Doss v. United States*, 326 F. Supp. 1320 (N.D. Tex. 1971).[6] The trust in this case must be evaluated under Texas law. See *Wilson v. Smith*, 373 S.W.2d 514 (Tex. Civ. App. 1963), cert. denied 379 U.S. 973 (1965). The Texas Trust Act, Tex. Civ. Code Ann. tit 125A, art. 7425b–1 et seq. (Vernon 1960), provides rules for the administration of trusts; however, it operates only to supplement rather than to supplant an express trust's terms. *St. Marks Episcopal Church v. Lowry*, 271 S.W.2d 681 (Tex. Civ. App. 1954). Therefore, broad powers to sell, invest, and allocate are not contrary to that Act, but that alone does not give petitioner unbridled discretion.

The wife's trust contains no broad exculpatory clause releasing petitioner from her obligations as a fiduciary or holding her harmless for any mismanagement. See *Corpus Christi National Bank v. Gerdes*, 551 S.W.2d 521 (Tex. Civ. App. 1977).[7] As the

---

[6]See also *Gardiner v. United States*, 458 F.2d 1265 (9th Cir. 1972); *Rand v. United States*, 445 F.2d 1166 (2d Cir. 1971); *Peoples Trust Co. of Bergen County v. United States*, 444 F.2d 193 (3d Cir. 1971); *Florida Bank at Lakeland v. United States*, 443 F.2d 467 (5th Cir. 1971); *First National Bank in Palm Beach v. United States*, 443 F.2d 480 (5th Cir. 1971); *United States v. Powell*, 307 F.2d 821 (10th Cir. 1962); *Estate of King v. Commissioner*, 37 T.C. 973 (1962). Cf. *Estate of Rolin v. Commissioner*, 68 T.C. 919 (1977), affd. 588 F.2d 368 (2d Cir. 1978).

[7]The only exculpatory language in G. R. Robinson's will relieves petitioner from liability for loss or depreciation in estate or trust property unless such loss or depreciation is due to gross neglect, bad faith, or fraud. This is not the same as broad language relieving a trustee for *any* act or omission. See *Corpus Christi National Bank v. Gerdes*, 551 S.W.2d 521 (Tex. Civ. App. 1977).

Texas Supreme Court said in *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786 (1938):

> When persons enter into fiduciary relations each consents, as a matter of law, to have his conduct toward the other measured by the standards of the finer loyalties exacted by courts of equity. That is a sound rule and should not be whittled down by exceptions. [132 Tex. at 152, 120 S.W.2d at 788.]

Thus, petitioner owes a duty to treat the remaindermen fairly—she cannot use the administrative powers to deplete corpus to their detriment without violating her fiduciary duties. *Doss v. United States*, 326 F. Supp. 1320 (N.D. Tex. 1971). See also *Langford v. Shamburger*, 417 S.W.2d 438 (Tex. Civ. App. 1967); *Thorman v. Carr*, 408 S.W.2d 259 (Tex. Civ. App. 1966); *Nathan v. Hudson*, 376 S.W.2d 856 (Tex. Civ. App. 1964). As previously noted, petitioner is not only the trustee, but she is also the income beneficiary. A depletion of corpus to increase the income interest would directly benefit her. In Texas, a trustee is not permitted to benefit from her own actions at the expense of the trust or let her self-interest conflict with her fiduciary obligations. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377 (1945). See generally *Dickson v. Dickson*, 544 S.W.2d 200 (Tex. Civ. App. 1976); *Nathan v. Hudson, supra.* We do not believe a Texas court of equity would permit petitioner to exercise her administrative powers in a manner detrimental to the remaindermen.

Our analysis of the scope of petitioner's administrative powers conforms with the testator's intent which is the touchstone in construction of will and testamentary trust provisions in Texas. See *Bradford v. Rain*, 562 S.W.2d 514 (Tex. Civ. App. 1978). A will must be construed in its entirety giving due regard to all its provisions and not just to isolated parts. *Doss v. United States, supra; Houston v. Harberger*, 377 S.W.2d 673 (Tex. Civ. App. 1964). Petitioner was the trustee and the income beneficiary. She held broad administrative powers, limited powers to appoint, and a power to invade to maintain her standard of living. Had the testator intended her to be able to manipulate the administrative powers to give herself the lion's share of the trust, her power to invade only for her maintenance and the limits on her powers to appoint would be mere verbiage. Reading the will as a whole, it is clear that the testator intended petitioner to have powers broad enough to do almost anything with the wife's trust corpus *except* give it all to herself. Thus, we conclude that petitioner was given broad powers as trustee to ease administra-

tion but not to allow her by unbridled administrative acts to endanger the remainder interests. See generally *Estate of Pardee v. Commissioner*, 49 T.C. 140 (1967). In short, petitioner's powers as trustee do not give her sufficient dominion and control to render the gift of the remainder in her community share incomplete.

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[1]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.