Lulu Elizabeth THORMAN, Appellant,

v.

Waggoner CARR, Attorney General
of Texas, et al., Appellees.

No. 14525.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 26, 1966.

Rehearing Denied Nov. 16, 1966.

Lang, Byrd, Cross, Ladon & Oppen-
heimer, San Antonio, for appellant.

Waggoner Carr, David Longoria, Austin,
for appellees.

BARROW, Justice.

This is a suit by the Trustees under the
will of Lulu Elizabeth (Bettye) Thorman,
deceased, for a declaratory judgment to
construe said will. The Trustees sought to
determine whether they abused their discre-
tion in allocating to income the following
receipts: A $2,950.00 face value Colonial
Finance Corporation 7% debenture due
January 1, 1967, and the proceeds from
the sale of 117 shares of stock of One Wil-
liam Street Fund, including the accretion in
value since the inception of the Trust.

Motions for summary judgment were
filed by the Trustees and by defendant
Waggoner Carr, Attorney General of Tex-
as. Judgment was rendered on these mo-
tions that the Trustees improperly allocated
to income the debenture as well as the net
proceeds of the sale of the 117 shares of
stock in the sum of $1,522.73. The trial
court held, however, that the gain realized
from the stock while it was held by the
Trustees was properly allocated to income,
and that the Trustees could properly dis-
tribute same to the lifetime beneficiary. Ap-
pellant, Lulu Elizabeth Thorman, com-
plains of the court's action in holding the
action of the Trustees improper, and by
cross-point the Attorney General complains
of the allocating to income the gain realized
from the stock.

Lulu Elizabeth (Bettye) Thorman died on February 2, 1963, and her will was duly admitted to probate. This will devised her residuary estate to the Trustees in trust for the benefit of appellant, decedent's mother, and decedent's brother for their lifetime, and directed that upon the death of both the Trustees distribute the remainder to an organization selected by them for cancer research. The Trustees have bound themselves to select a Texas charitable corporation. Decedent's brother is now deceased and appellant is the only lifetime beneficiary. The will provides for the payment of all net income from the estate to appellant. Among other powers conferred upon Trustees, it grants them discretion to make allocations between income and principal as follows:

"III. (b) The Trustees shall, in their discretion determine what is principal or income of said trust and apportion and allocate receipts and expenses between the principal and income accounts."

In 1943 the Texas Trust Act was enacted, and Texas thereby adopted, with but few amendments, the Uniform Principal and Income Act. Arts. 7425b—1 to 7425b—47, Vernon's Ann.Civ.St. Under the definitions contained in this Act as well as that of all other jurisdictions, the debenture and the net proceeds from the sale of the shares of stock clearly belonged to the principal of · the trust. Arts. 7425b—4, 7425b—27, supra. A more difficult question is presented as to the gain from the stock and it will be discussed separately. Subd. 26 of this Act provides substantially that the person establishing the trust may grant the trustee discretion to apportion receipts between

principal and income.[1] Appellant urges that the Trustees were acting within their discretion in treating the debenture and net proceeds from the stock sale as income.

■ We have found no Texas cases construing a discretionary income and principal clause. The rule applied in other jurisdictions is that although courts will not substitute their own judgment for the judgment of trustees given discretionary powers, the exercise of discretion by the trustees is, nevertheless, subject to the limitation that they must not act outside the bounds of reasonable judgment. All authorities recognize that the controlling consideration is the intention of the settlor. In determining this intention, the Courts must consider the whole instrument, aided by the surrounding circumstances, due weight being given to all the language of the instrument. In re Heard's Estate, 107 Cal.App.2d 225, 236 P.2d 810, 27 A.L.R.2d 1313; Dumaine v. Dumaine, 301 Mass. 214, 16 N.E.2d 625, 118 A.L.R. 834; Sherman v. Sherman, Probate Ct. of Ohio, 202 N.E.2d 443; In re Watland, 211 Minn. 84, 300 N.W. 195; In re Briggs' Estate, 150 Pa.Super. 66, 27 A.2d 430; In re Heard's Estate, 107 Cal.App.2d 225, 236 P.2d 810, 27 A.L.R.2d 1313; 40 Yale Law Journal 1467.

By other powers conferred upon the Trustees by the will of settlor, the Trustees are given discretion to sell, trade, or hold all property received by them and to invest and reinvest all available funds in certain high grade stocks and bonds as in their discretion they may determine to be advisable. They are also given discretion to pay trust expenses from either principal or income, or from both. It is significant, un-

---

1. "Art. 7425b—26. Right of trustee to determine principal and income

    This Act shall govern the ascertainment of income and principal, and the apportionment of receipts and expenses between tenants and remaindermen in all cases where an express trust has been created; except that in the establishment of the principal, provision may be made touching all matters covered by this Act, and the person establishing the principal

may himself direct the manner of ascertainment of income and principal and the apportionment of receipts and expenses or grant discretion to the trustee or other person to do so, and such provision and direction, where not otherwise contrary to law, shall control notwithstanding this Act. Acts 1943, 48th Leg. p. 232, ch. 148 § 26; Acts 1945, 49th Leg. p. 109, ch. 77 § 9."

der the above authorities, that the settlor did not use words such as "absolute," "full" or "uncontrollable" in conferring any of these discretionary powers upon Trustees. It is also significant that the Trustees are not given any authority to pay the lifetime beneficiary any sum other than income from the trust. Further, the money is not paid for any specific purpose.

■ Under this record, the trial court did not err in holding that the Trustees abused their discretion in allocating to income the debenture and net proceeds of the stock sale. In re Watland, supra, is directly in point. There the Supreme Court of Minnesota upheld the trial court's finding upon similar facts that the corpus of the estate had been wrongfully invaded by the trustees. There is no case in point to the contrary.

There is a conflict in the authorities in other jurisdictions as to whether the gain realized from stock while held by the trustee is principal or income. Under one rule, if it be found that the fund out of which the dividend is paid accrued before the life estate arose, it is held to be principal belonging to the corpus of the estate. But when it is found that such fund was earned after the life estate arose, then it is income belonging to the life tenant. The other rule regards cash dividends, whether large or small, as income, and stock dividends, whenever earned and however declared, as capital. In re Heard's Estate, supra; Bogert, Trusts & Trustees, 2d Ed., § 823.

■ In view of the absence of Texas authority resolving this conflict of authorities in other jurisdictions at the time settlor executed her will, the trial court did not err in holding that she intended to give the Trustees discretion to allocate as principal or income the gain realized from the stock while held by the Trustees. Dumaine v. Dumaine, supra; Sherman v. Sherman, supra.

The judgment of the trial court is affirmed.