**Lulu Elizabeth THORMAN et al., Petitioners,**

**v.**

**Waggoner CARR, Attorney General of Texas et al., Respondents.**

**No. A–11788.**

Supreme Court of Texas.

March 1, 1967.

The holdings regarding the debenture and the proceeds from the 117 shares of stock, excluding the gain earned by the shares, were brought forward for review. We approve the judgment that these items were improperly allocated by the trustees to income, and that they must be allocated to the corpus of the trust. However, we attach no significance to the absence of such words as "absolute," "full," or "uncontrollable" in describing the discretionary powers of the trustees.

The application for writ of error is refused, no reversible error.

SMITH, J., not sitting.

Lang, Byrd, Cross, Ladon & Oppenheimer, Neill Boldrick, Jr., San Antonio, for petitioners.

Waggoner Carr, Atty. Gen., J. Arthur Sandlin, David Longoria, Asst. Attys. Gen., Austin, for respondents.

**PER CURIAM.**

The Court of Civil Appeals in its opinion, reported in 408 S.W.2d 259, affirmed the judgment of the trial court which held that the trustees under the will of decedent, Lulu Elizabeth Thorman, had improperly allocated to income a Colonial Finance Corporation debenture and the net proceeds from the sale of 117 shares of One William Street Fund but had properly allocated to income the gain or rise in value of the 117 shares since the inception of the trust. The holding by the Court of Civil Appeals regarding the gain of the 117 shares is not before this Court for review.