**Meek Lane DOSS, Independent Executrix of the Estate of M. S. Doss, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CA–5–693.**

United States District Court,
N. D. Texas,
Lubbock Division.

May 20, 1971.

A. E. Brooks, Brooks, Tarlton & Gilbert, Arch B. Gilbert, Fort Worth, Tex., for plaintiff.

Eldon B. Mahon, U. S. Atty., William L. Johnson, Jr., Asst. U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Fort Worth, Tex., Ben A. Douglas, Atty. in Charge, William W. Guild, Atty., Tax. Div., Dept. of Justice, Dallas Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Plaintiff Meek Lane Doss, widow of M. S. Doss and Independent Executrix of his Estate, seeks by this civil action the refund of estate taxes and statutory interest from the date of payment. The jurisdiction of this Court is predicated on 28 U.S.C. § 1346(a) (1). The case was tried before the Court without a jury, and this Court has received and considered all of the evidence, stipulations, briefs and arguments of all counsel.

After certain bequests not here in question, decedent's will creates a life interest in the Plaintiff, followed by a remainder to the M. S. Doss Foundation, which is recognized as a charitable organization under 26 U.S.C. § 2055(a) (2). The issue presented is whether the remainder interest is "presently ascertainable" to the extent that it is severable from the intervening non-charitable bequest to Meek Lane Doss and thus deductible from the value of the gross estate. See 26 C.F.R. § 20.2055–2.

It is agreed between the parties that the value of the charitable remainder interest on the date of decedent's death was $816,453.05. The Commissioner's disallowance of the charitable deduction resulted in an additional assessment of $357,933.88, which was paid by the estate and claimed here as a refund. A portion of the deficiency was paid with United States Treasury bonds, for which par value credit was given. The fair market value was less than par, and should Plaintiff prevail in this cause, a corresponding downward adjustment of the value of the bonds not used will be required. Additionally, the amount of state death duties hinges on a determination of the principal issue here.

The government contends that certain administrative powers granted to Plaintiff as Trustee would allow an invasion and subsequent depletion of the corpus, thus making unascertainable the amount the charity would eventually take. The pertinent provisions of Item III of the will, dated January 7, 1964, are as follows:

(a) This testamentary trust shall continue for and during the natural life of my wife, Meek Lane Doss, and at her death the entire remaining estate shall pass to and vest in, in fee simple, the M. S. Doss Foundation, Seminole, Texas.

\* \* \* \* \* \*

(c) During the continuation of the trust period my Trustee may distribute all or part of the net income of the trust estate to Meek Lane Doss.

(d) I give to my Trustee absolute power of all my trust estate the same as if she were the owner, with full right and power to sell, convey, manage, lease, rent, hypothecate, mortgage, pledge, invest and reinvest, real, personal and mixed property of the trust estate. Ex-

cept as otherwise herein provided, the Trustee and the trust estate shall be governed by the Texas Trust Act as it exists at the time of my death.

(e) My Trustee may contract for joint exploration and development of trust property with other properties, and otherwise contract with reference to oil, gas and other minerals and natural resources and mineral rights and mineral royalties which may be or become a part of the trust estate, upon such terms and conditions and for such royalties, rents and benefits and considerations as the Trustee may deem to be to the best interest of the trust estate. Further, she may grant or take leases of real property for any term of years and of all rights and privileges above and below the surface of real property for any term or terms though the term of the lease, or renewal thereof, extend beyond the term of the trust.

\* \* \* \* \* \*

(g) My Trustee shall not be required to dispose of any item or items of trust property which she may hereafter acquire as part of the trust estate, even though such assets may not be generally or by strict law regarded as proper investments of a trust fund. My Trustee is authorized and directed to use her discretion and judgment about the kind and character of investment in real or personal property she shall retain or shall make from time to time, notwithstanding any rule of law to the contrary, and my Trustee is expressly authorized to hold undivided interests in property with other trusts, corporations, partnerships, joint ventures, or with other legal entities or parties.

It is familiar law that a will should be construed in its entirety, with regard for the whole instrument rather than isolated parts, and due emphasis given the evident intention of the testator. Thorman v. Carr, 408 S.W.2d 259 (Tex.Civ.App., 1966 writ ref. n. r. e.); Houston v. Harberger, 377 S.W.2d 673 (Tex.Civ.App.1964); Leopold v. Sochat, 303 S.W.2d 840 (Tex.Civ.App.1957).

Any reasonable reading of the will demands the conclusion that the decedent intended the bulk of his fortune to pass to the named charity. Just as obviously, the purpose of the administrative powers quoted above is the removal of limitations on investments of the trustee to relieve her of possible liability for poor judgment or honest mistake in the performance of her fiduciary duties, and allow her somewhat more flexibility in the management of the estate than the strict statutory standards would otherwise demand. To read such powers as a discretion to invade and deplete the corpus is clearly inconsistent with the testator's obvious intent. There is little logic in demanding that a testator choose between seeing his intention fail on the one hand, or his trustee on the other.

The Supreme Court has recognized as being ascertainable bequests to charities where the intervening non-charitable devisee was to be supported in a manner "necessary to suitably maintain her in as much comfort as she now enjoys." Ithaca Trust Company v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929). But a charitable deduction was disallowed when the trustee was permitted to invade the corpus for the "welfare, comfort and happiness" of the life beneficiary, Merchants National Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943), or to provide for the life tenant "in such manner as she may desire." Henslee v. Union Planters National Bank & Trust, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259 (1949). The Doss will provides only that the life beneficiary is to be paid the net income from the estate, a direction which fits more precisely the standard of *Ithaca, supra,* than either the vague direction of "comfort and happiness" in *Merchants, supra,* or

the unfettered support discretion of *Henslee, supra.*

Supporting such a conclusion is the notable absence, in the instant case, of a discretionary allocation of income clause. Such a provision, giving the trustee power to decide in his sole discretion what is income and what is principal and to allocate to either, has been a factor of considerable weight in cases where the charitable deduction has been disallowed. Henslee v. Union Planters National Bank & Trust, *supra*; Merchants National Bank v. Commissioner of Internal Revenue, *supra*; Estate of Lillie MacMunn Stewart, 436 F.2d 1281 (3d Cir. 1971); Miami Beach First National Bank v. United States, 443 F.2d 116 (5th Cir. 1971); First National Bank in Palm Beach v. United States, 443 F.2d 480 (5th Cir. 1971). Such a clause is missing from the present will, and only by reasoning that the broad powers given the trustee to invest in wasting assets and thereby deplete the corpus can it be found by implication.

But such an implication is not warranted. The powers given here to the trustee—whether Mrs. Doss or a successor trustee—are purely administrative ones designed to afford protection from losses caused by mistake or faulty judgment. The use of such powers as these to enrich the life tenant at the expense of the remainderman would be prohibited, and the charitable remainder would have a right of recovery against the life beneficiary. In Thorman v. Carr, *supra*, apparently the first Texas case to construe a discretionary income and principal clause, the will provided that the trustees:

> " * * * shall, in their discretion determine what is principal or income of said trust and apportion and allocate receipts and expenses between the principal and income accounts."

In spite of this provision, the San Antonio Court of Civil Appeals held that the allocation to income of a debenture and the net proceeds of a stock sale were beyond the discretion of the trustees. The trustees, the court said, were "sub-ject to the limitation that they must not act outside the bounds of reasonable judgment," and that the "controlling consideration is the intention of the settlor." The will in *Thorman* gave the trustees power to sell, trade, invest, reinvest, to pay trust expenses from either principal or income, or both. While this case did not, of course, determine the ascertainability of a charitable deduction, the point reached is plain. The Supreme Court of Texas in an opinion finding no reversible error in this case, said:

> "We approve the judgment that these items were improperly allocated by the trustees to income, and that they must be allocated to the corpus of the trust." See Thorman v. Carr, 412 S.W.2d 45 (1967).

■ As noted, the Doss will does not contain a discretionary allocation clause, as did the will in *Thorman*. Even the presence of such a provision, however, does not automatically mean the disallowance of the claimed deduction. Bankers Trust Company v. United States, 308 F.Supp. 545 (S.D.N.Y., 1970); Peoples Trust Co. of Bergen County v. United States, 311 F.Supp. 1197 (D.N.J.1970); Old Colony Trust Company v. United States, 317 F.Supp. 618 (D.Mass., 1970). The latter case, adopting the principle of an earlier decision, pointed out that the purpose of such administrative powers as are given here, aside from any exculpatory effect, is to allow a trustee to avoid possible litigation. "It does not authorize favoring either the charitable or the private beneficiaries." *Id.* at page 621.

■ The government argues, however, that in the absence of such a discretionary allocation, the present trust estate is governed by the Texas Trust Act. Clearly this is so, since the will so provides in part III(d). From this, the government urges that under the provisions of article 7425b–34 Vernon's Ann. Civ.St., the trustee may invest in wasting assets in the nature of patents and copyrights, allocate the return to income, thus depleting the corpus to an unascer-

tainable sum. But article 7425b–34 does not authorize the trustee to invest in assets of the kind there described; it merely provides a method of allocation pending sale of the asset or during the holding of the asset if the will specifically authorizes the trustee to hold such assets. This section of the Texas Trust Act was adopted from section 10 of the Uniform Principal and Income Act, and a number of states have used the same or similar language to express a method of allocating the return of such assets. No case has been brought to the attention of the Court which construes this language as giving a power to the trustee to invest in such assets.

But even if the language should be construed as the government contends, it does not follow that the deduction should necessarily be disallowed, because such powers "must be read consistently with testator's obvious intention to grant the corpus of the trust to charity," Bankers Trust Company v. United States, *supra*. To allow the trustee to invade the corpus by such circuitous route when no such specific power has been granted by the will (and not even an indirect power in the form of a discretionary allocation of income clause) would be allowing a result which the testator never intended.

■ The government has also taken the position that the trustee has the authority to invest in mineral properties, and that since a portion of the mineral revenue would be allocated to the income beneficiary under the Texas Trust Act, this causes the value of the charitable remainder interest to be unascertainable and hence, non-deductible. But in article 7425b–34 the Texas Legislature, like many other states seeking a more equitable approach than the "all or nothing" method used at common law, turned naturally to the Internal Revenue Code to decide on what basis mineral revenue should be divided in order that the allocation should be accomplished in a fair and equitable manner. The statute provides that if the trustee has a right to deal in oil, gas and other mineral re-

sources, such as is expressly given the trustee in this case, and if the trust instrument does not further provide for the disposition of the proceeds as to income and principal, then delay rentals shall be deemed income, but bonuses, all royalties and oil payments shall be proportioned $27\frac{1}{2}\%$ to principal and the remainder to income. Therefore, insofar as the administrative provisions concerning oil, gas and other minerals, the laws of the State of Texas are definite as to what portion is income and what portion is principal, and these provisions of the will do not make the charitable bequest unascertainable.

The propriety of the type of investments to be made by the trustee is governed by the will itself (i. e., the requirement to use good faith, Item III(h) of the will), and the common law. Unquestionably, both the will and the law impose a duty on the trustee to act with fidelity to both life tenant and remainderman; to do otherwise would violate the intent of the testator which is, after all, the "controlling consideration." Thorman v. Carr, *supra*; Nathan v. Hudson, Tex.Civ.App., 376 S.W.2d 856, writ ref. n. r. e.; Gardiner v. United States, 69–2 USTC 12,628; Bankers Trust Company v. United States, *supra*.

Recent cases from the Fifth Circuit have largely decided the present issue against the taxpayer. Miami Beach First National Bank v. United States, *supra*; First National Bank in Palm Beach v. United States, *supra*. In the latter case the following elements were present: (1) trustee's discretion to pay premiums on bonds and thereby increase the income of the life tenant; (2) invest and reinvest the principal and unlimited powers as to the type of investment; (3) determine whether any charges, expenses or disbursements paid by them shall be charged against principal or income; (4) treat extraordinary dividends and stock or other securities and liquidated dividends as income; (5) specific provisions in the will which provided that the powers given were in amplification of other statutory powers.

The Court pointed out the sum of such powers permitted an invasion of the corpus. In the present case only one of the above powers—that of removing restrictions on investments—is present, and this Court cannot conclude that such a power, standing alone, allows the trustee an unfettered discretion to invade the trust estate.

The application of the prudent man rule, first laid down in the Massachusetts case of Harvard v. Amory, 26 Mass. 446, 447 (1830), and presently incorporated in the Texas Trust Act in section 46, would prevent a trustee from investing in anything which would prove detrimental to the trust estate. Nothing in the will allows a deviation from this standard; on the contrary, the trustee is obliged to act in good faith.

While the trustee is given broad administrative powers, these powers are not unrestricted; she has no discretion in the allocation of income, and must therefore act under existing law and the command of the will to use good faith. Put another way, such powers as are granted by the will would not allow the corpus to be depleted to the detriment of the charitable remainderman without a violation of the trustee's fiduciary duties. Should such a violation occur, the trustee may be held accountable in a court of competent jurisdiction.

The Doss will grants the life tenant only the *net* income (which indicates that expenses would be taken out of income rather than principal) and if the trustee were to allocate to the life tenant any of the estate other than net income, such would be a violation of not only the specific directions contained in the will, but would also be violative of the testator's obvious intention and same would not be allowed to stand under Texas law. Thorman v. Carr, 412 S.W.2d 45 (Tex.1967). There is no provision in the Doss will, either express or implied in law, that would permit an invasion of the remainder estate. Such remainder is therefore ascertainable.

The dominant purpose of the will is the ultimate bequest to a recognized charitable foundation which the testator himself founded. Though power to invest in wasting assets of the type described is given, nowhere is there language giving the trustee authority to use for her own benefit the returns from such an investment. The law is to the contrary. The testator might well have reasoned that circumstances could arise in which such an investment would be prudent, but it cannot be inferred that there flows from this a power to deplete the corpus at the expense of the charity.

The attorneys will prepare and submit for entry by the Court on or before August 1, 1971, a judgment wherein the amount of recovery will be governed by the above as well as the necessary adjustments for State Inheritance tax and the valuation of United States Treasury bonds.

This opinion shall constitute the Court's Findings of Fact and Conclusions of Law.

Costs are adjudged against the defendant.