**James C. SELF, Jr.,**

v.

**The UNITED STATES.**

No. 54–54.

United States Court of Claims.
June 5, 1956.

John C. Reid, Washington, D. C., for plaintiff. Ivins, Phillips & Barker, Washington, D. C., were on the brief.

Sheldon J. Gitelman, Silver Spring, Md., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This is a suit to recover gift taxes paid by plaintiff for the year 1951, in the amount of $918.23. The facts have been stipulated and may be summarized as follows:

On November 23, 1948, plaintiff's father transferred a block of common stock of a corporation called Greenwood Mills in trust, with the income from the trust fund to be paid to plaintiff for life, with remainders to plaintiff's descendants, if any, and if none, to a charitable foundation. By this trust instrument plaintiff was given the right at any time during his life to appoint by deed all or part of the trust property to or among his de-

scendants. The plaintiff's father paid a gift tax upon the entire value of the property transferred in trust on November 23, 1948.

On October 2, 1951, plaintiff exercised the limited power of appointment given him under the trust instrument by executing 2 deeds appointing 100 shares of the Greenwood Mills common stock to a trust for his son and 100 shares of the same stock to a trust for his daughter. The 200 shares were, pursuant to the terms of the trust, separated and transferred to the 2 trusts for the benefit of plaintiff's children. The plaintiff filed a gift tax return for 1951, and paid, *inter alia*, a gift tax on the value of the right to receive the income for life from the 200 shares of Greenwood Mills common stock. The plaintiff filed a timely claim for refund. No action has been taken on the claim and this suit was timely filed.

■■■ The issue before the court is whether in exercising his limited power of appointment the plaintiff made a taxable gift equal to the value of the right to receive the income for life from the trust property transferred.

The applicable portion of the statute, 26 U.S.C. § 1000, 1952 ed., is as follows:

"Sec. 1000. *Imposition of tax.* (a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. * * *

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *.

"(c) * * * *Powers created after October 21, 1942.* The exercise of a general power of appointment created after October 21, 1942, or the release after May 31, 1951, of such a power, shall be deemed a transfer of property by the individual pos-

sessing such power. A disclaimer or renunciation of such a power of appointment shall not be deemed a release of such power.

"(3) *Definition of general power of appointment.* For the purposes of this subsection the term 'general power of appointment' means a power which is exercisable in favor of the individual possessing the power (hereafter in this paragraph referred to as the 'possessor'), his estate, his creditors, or the creditors of his estate; * * *."

At common law, the transfer of property under a power of appointment was considered to have been made directly from the donor to the appointee. The donor's instrument effected the transfer and the property did not belong to the donee. Prior to 1942, the common law concept of powers of appointment was followed by the courts in gift tax cases and it was held that the appointment by the donee of the power did not constitute a taxable gift on the part of the donee. Florence E. Walston v. Commissioner, 8 T.C. 72, affirmed 4 Cir., 168 F.2d 211; Mabel F. Grasselli v. Commissioner, 7 T.C. 255, and the cases cited therein. Section 452 of the Revenue Act of 1942, 56 Stat. 798, and section 3(a) of the Powers of Appointment Act of 1951, 65 Stat. 91, amended section 1000 of the 1939 Internal Revenue Code to provide that the exercise or release of a general power of appointment is taxable, with certain limitations relative to effective dates.

The defendant concedes that the transfer of an interest in property pursuant to the exercise of a limited or special power of appointment is not subject to the gift tax. It is defendant's position that the plaintiff's power related only to the trust corpus, not to the trust income, and that the transfer of the income interest was not made pursuant to a limited power and is therefore subject to the gift tax. The defendant argues that plaintiff transferred two separate interests when he exercised his limited power of appointment. First, he transferred 200 shares of stock in which he

had no interest or vested right. Second, he transferred his vested right to the income from those 200 shares for his life. The plaintiff contends that because of the inherent nature of the income-producing property, such as the stock, it was impossible to transfer the property pursuant to the power of appointment without transferring the fruits from the property.

We believe that when the donee exercises a power of appointment over a corpus consisting of income-producing property by transferring part of the income-producing property to the appointee, the income to be earned from the property thus transferred automatically and necessarily goes with the legal title to the property, unless provision is specifically made for the contrary. In fact, the terms of the provision granting the power of appointment to plaintiff indicate that plaintiff's right to the income from the part of the corpus transferred pursuant to the power was to terminate upon the exercise of the power.[1] The first sentence of this article provides that the "entire net income of the trust fund" should be paid to plaintiff during his life. The second sentence provides that nevertheless, plaintiff should have the power by deed to appoint any or all of the corpus to his descendants. The third sentence provides that upon the exercise of the power the "trustees shall separate from the trust fund the portion or portions appointed and pay over such portions" as instructed by plaintiff.

The defendant admits that the right to the income to be earned from the shares was transferred automatically pursuant to the exercise of the power of appointment by the imposition of a gift tax on the value of the income when the power was exercised. The plaintiff did not purport to make an independent gift of the right to the income and the deeds of appointment by their terms related only to the shares of stock.

The defendant makes a general argument, the essence of which is that a gift tax should be imposed on the donee of a limited power of appointment upon the exercise of the power when the donee has a beneficial interest in the property transferred pursuant to the power. This argument is based on the theory that such a donee is giving up an economic interest when he exercises the power. This same argument and precise question were presented to the court in Commissioner v. Walston, 4 Cir., 168 F.2d 211. In that case, the taxpayer's father left a share of his estate in trust with the income to the taxpayer for life with remainders over. The taxpayer was also given the power to appoint the principal or income of the trust to or among her father's descendants by deed during her lifetime and/or to appoint the property to anyone by will at her death. In 1938, the taxpayer appointed by deed to her brother one-half of the trust corpus and the income for his life from the remaining half of the trust corpus. The Commissioner of Internal Revenue contended that the taxpayer made a taxable gift of her right to the income from the trust for her life. The Tax Court and the Court of Appeals held that the right to the income was transferred under the power of appointment and not by the taxpayer in her independent capacity and therefore the transfer was not taxable. Each court pointed out that where the income beneficiary had a life estate subject to a power of appointment, the income beneficiary had a temporary inter-

---

1. The provision of the trust indenture granting this power of appointment was as follows:

"The Trustees shall pay the entire net income of the trust fund to the Grantor's son, James C. Self, Jr., for and during his life. The said James C. Self, Jr., shall nevertheless have the power by deed during his lifetime to appoint all or any portion of the trust corpus to or among his descendants, or any of them, in such portions or amounts, and at such time or times, as he shall determine. Upon the exercise, or upon the various exercises of such power, the Trustees shall separate from the Trust Fund the portion or portions appointed and pay over such portions in accordance with the instructions of James C. Self, Jr."

est which might last for life, but which was subject to termination if and when the power of appointment was exercised. Consequently, to the extent the power is exercised, the income beneficiary's estate is terminated by reason of the power and not by a desire on the part of the income beneficiary to give up the life estate irrespective of the power.

The donor of the power of appointment is considered the transferror of the gift and the donee merely acts as his agent and gives direction to the gift pursuant to the donor's wishes. Unless the power of appointment concept is ignored, there is no difference between making the income beneficiary the donee of the special or limited power of appointment and making a third person who has no beneficial interest in the income or corpus the donee of the power. In the latter event no one would suggest that a gift tax should be imposed when the life estate of the income beneficiary is terminated by the transfer of the corpus pursuant to the exercise of the power.

The Congress has chosen to ignore this concept insofar as general powers of appointment are concerned and therefore has specifically subjected them to tax under section 1000(c). However, as defendant concedes, this concept is still applicable to property or interest that is transferred under a special or limited power of appointment.

The defendant refers us to Treasury Regulations 108, sec. 86.2(b) (2) (as amended by T.D. 6077, 1954-2 C.B. 308) as authority for its position.[2] Congress has chosen not to impose a gift tax on property transferred under a special or limited power of appointment and if the property was transferred under a special or limited power of appointment, as it was in this case, it is not taxable. We do not deem this portion of the regulation necessarily inconsistent with our decision because the plaintiff in the instant case did not have, in addition to his special power, a general power to appoint by will, as is the case in the example given in the regulation. However, to the extent that the example given in the regulation implies that a donee, who has only the right to the income from the corpus subject to a special or limited power of appointment, is subject to a gift tax on the exercise of the special or limited power of appointment, we disagree with it.

Plaintiff is entitled to recover and judgment will be entered in the amount of $918.23, with interest as provided by law.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

2. Treasury Regulation 108: "No provision of section 1000(c) or of this section is to be construed as in any way limiting the application of any other section of the Internal Revenue Code or of these regulations. For example, if under the terms of a trust A is given the income for life and the power to appoint the entire trust property by deed during her lifetime to a class consisting of her children and the further power to appoint the entire trust property by will to anyone including her estate and A exercises the inter vivos power in favor of her children, she is considered to effectuate a transfer of her income interest which constitutes a taxable gift under section 1000(a). This transfer also results in a relinquishment of her general power to appoint the property by will. In case the power was created after October 21, 1942, such a transfer, if occurring after May 31, 1951, constitutes a taxable gift under section 1000(c)."