Mary Snyder MONROE, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 25379.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1972.

Douglas A. Wilson (argued), Yakima, Wash., for plaintiff-appellant.

Gordon Gilman (argued), Meyer Rothwacks, Loring W. Post, Department of Justice, Johnnie M. Walter, Asst. Atty. Gen., Tax Division, Washington, D. C.; Dean C. Smith, U. S. Atty., Spokane, Wash., for defendant-appellee.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

This appeal comes to us from the district court's judgment denying plaintiff's action to recover a refund of gift taxes paid for the year 1963. The district court had jurisdiction under 28 U.S.C. § 1346 (a) (1); this court's jurisdiction on appeal is pursuant to 28 U.S.C. § 1291.

In the court below the action for the recovery of gift taxes was consolidated for trial with taxpayer's related action for the recovery of income taxes paid. The district court entered judgment dismissing the taxpayer's cause of action in the income tax case and the taxpayer does not appeal from that judgment. The court also denied taxpayer's claim for re-

fund of the gift tax assessed with the exception of the sum of $1,024.87 awarded to taxpayer by reason of the agreed devaluation of certain real estate. The court's opinion in ruling on the claim for gift tax refund is set out in Monroe v. United States, 301 F.Supp. 762 (E.D. Wash.1969). We adopt Chief Judge Charles L. Powell's opinion in that case as our own, and deny the refund except as noted by the trial court.

James Earl BROWN, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–1902.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1971.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

It is appropriate to dispose of this per se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

The judgment appealed from is affirmed.[1] See Local Rule 21.[2]

1. In his motion to vacate, filed pursuant to 28 U.S.C. § 2255, the appellant has challenged the validity of his conviction on grounds that: (1) his guilty plea was coerced in that the Government threatened to use an illegally-obtained statement against him; (2) his plea was not knowingly and intelligently entered because he was not aware of the possible defenses to the charge; (3) he was mentally incompetent to enter the plea because he was withdrawing from alcohol at

the time; (4) the trial court failed to determine that there was a factual basis for the guilty plea; (5) the indictment was fatally defective because it did not include all of the essential elements of the crime; and (6) his privately-retained attorney rendered ineffective service.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.