ESTATE OF RUTH B. REGESTER, DECEASED, CHARLES REGESTER, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 730–82.     Filed July 2, 1984.

*Richard C. Smith, Arthur P. Allsworth,* and *Peter C. Guild,* for the petitioner.
*James J. Everett,* for the respondent.

## OPINION

COHEN, *Judge*: This case was submitted fully stipulated, and the stipulations of facts are incorporated herein by this reference. Charles Regester (petitioner) was a resident of Arizona at the time the petition herein was filed, and he is the personal representative of the Estate of Ruth B. Regester (decedent). The issue for decision is whether decedent made a

1

taxable gift of her life interest in the income of a trust when she transferred the corpus of the trust through the exercise of a special power of appointment.

George L. Bignell, a resident of Michigan, died on September 29, 1973. His will, dated May 29, 1958, and modified by codicils dated July 17, 1964, and October 11, 1967, was duly admitted to probate in the County of Kent, State of Michigan.

The provisions of the Bignell will with which we are concerned created a trust (the Bignell trust) as follows:

I give, devise and bequeath to my Trustee hereinafter named, IN TRUST, with the powers and duties hereinafter set forth, and to dispose of the income and principal thereof as follows:

*A.* He shall pay the net income thereof, at least as often as quarter-annually, to my daughter Ruth B. Regester, as long as she lives.

*B.* If the net income payable to my said daughter from this trust, together with her income from other sources, is insufficient in the opinion of my Trustee to maintain her in the comfort and manner to which she has been accustomed in my lifetime; or if there is need to supplement said income to meet extraordinary needs of her and/or her family arising from accident, physical or mental illness, or the like; I authorize my Trustee in such case to make such payments to her out of the principal thereof as from time to time may be required for the purpose.

*C.* During the lifetime of my said daughter, my Trustee shall distribute the principal thereof, in whole or in part and from time to time, either in trust or otherwise, but free of this trust, to or for her son Charles Regester and/or his issue, and in such proportions to or for each, as my said daughter shall appoint by instruments signed, sealed and acknowledged˜ by her and delivered to my Trustee.

*D.* Upon the death of my said daughter, the remaining principal thereof and all increase and income then on hand, if any, shall be distributed as my said daughter shall by her last will and testament appoint among any one or more of the following: her son, and the issue of her son; but not the estate of my said daughter, her creditors, or the creditors of her estate.

By a trust agreement dated May 24, 1974, Charles L. Regester created a trust (the Regester trust) for the benefit of his three children. By an instrument dated June 6, 1974, decedent exercised her special power of appointment over the corpus of the Bignell trust and transferred the entire amount to the trustee of the Regester trust. Assets from the Estate of George L. Bignell were transferred to the trustee of the Bignell trust in October 1974. On or about November 20, 1974, the corpus of the Bignell trust, consisting solely of 26,811 shares of stock of Rospatch Corp. and a check for $2,412.99 attributable

to dividends paid on the stock on November 15, 1974, was delivered to Charles L. Regester as the trustee of the Regester trust. No distributions of income or principal were ever made from the Bignell trust to decedent.

Prior to her death on December 30, 1977, at age 75, decedent filed a gift tax return for the calendar quarter ended December 31, 1974. On September 28, 1978, petitioner filed a U.S. Estate Tax Return. Neither tax return included an amount attributable to the life income interest of decedent in the Bignell trust or her exercise of the special power of appointment with respect thereto.

By notice of deficiency dated October 8, 1981, respondent determined that the inter vivos exercise of the special power of appointment over the corpus of the Bignell trust by decedent concomitantly effected a gift of her life income interest in the Bignell trust during the calendar quarter ended December 31, 1974; that the value of the gift was $100,474, the then present value of the life income interest of a 72-year-old female in property having a value of $227,894; and that the tax due on such gift was $18,362. Petitioner has agreed that if a taxable gift occurred, the value and tax are as computed by respondent. Petitioner contends, however, that no taxable gift occurred and that section 25.2514–1(b)(2), Gift Tax Regs., which respondent seeks to apply here, is an unreasonable and invalid attempt by respondent to circumvent prior case law.

The Federal gift tax is imposed on property transferred by gift, whether the transfer is in trust or otherwise, and whether the gift is direct or indirect. Secs. 2501(a), 2511(a).[1] The gift statutes are intended to include "every species of right or interest protected by law and having an exchangeable value." S. Rept. 665, 72d Cong., 1st Sess. (1932), 1939–1 C.B. (Part 2) 496, 524.

Powers of appointment, i.e., powers of disposition given a person over property not his own, were not taxable until 1942 when the predecessor to section 2514 was enacted. *Walston v. Commissioner*, 8 T.C. 72 (1947), affd. 168 F.2d 211 (4th Cir. 1948); sec. 452(a), Revenue Act of 1942, ch. 619, 56 Stat. 798. Section 2514 provides that, in certain circumstances, the exercise or release of a power of appointment is a taxable

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect at the date of death.

transfer of property by the individual possessing the power. Section 2514 applies only to general powers of appointment, i.e., those exercisable by the donee of the power in favor of himself, or in favor of his estate, his creditors, or the creditors of his estate.

Section 25.2514–1(b)(2), Gift Tax Regs., provides as follows:

(2) *Relation to other sections.* For purposes of sections 25.2514–1 through 25.2514–3, the term "power of appointment" does not include powers reserved by a donor to himself. No provision of section 2514 or of sections 25.2514–1 through 25.2514–3 is to be construed as in any way limiting the application of any other section of the Internal Revenue Code or of these regulations. *The power of the owner of a property interest already possessed by him to dispose of his interest, and nothing more, is not a power of appointment, and the interest is includible in the amount of his gifts to the extent it would be includible under section 2511 or other provisions of the Internal Revenue Code.* For example, if a trust created by S provides for payment of the income to A for life with power in A to appoint the entire trust property by deed during her lifetime to a class consisting of her children, and a further power to dispose of the entire corpus by will to anyone, including her estate, and A exercises the inter vivos power in favor of her children, she has necessarily made a transfer of her income interest which constitutes a taxable gift under section 2511(a), without regard to section 2514. This transfer also results in a relinquishment of her general power to appoint by will, which constitutes a transfer under section 2514 if the power was created after October 21, 1942. [Emphasis supplied.]

Petitioner acknowledges that the life income interest of decedent in the Bignell trust was property for Federal gift tax purposes and does not argue that any consideration passed to decedent in connection with her surrender of that interest upon the exercise of the special power of appointment. Further, petitioner concedes that a donee of a life estate may make a gift of an income interest in trust property. See *Hrobon v. Commissioner,* 41 T.C. 476 (1964).

Petitioner argues, however, that the interest of decedent in the income of the Bignell trust should be treated as extinguished, and not as transferred, upon exercise of the special power of appointment. Petitioner cites *Walston v. Commissioner, supra,* and *Self v. United States,* 135 Ct. Cl. 371, 142 F. Supp. 939 (1956), in support of the contention that no taxable gift occurs when the beneficiary of a life estate in income from a trust transfers the underlying trust property by exercising a special power of appointment.

In *Walston v. Commissioner, supra,* which was a Court-reviewed opinion, the petitioner received a power to appoint to her brother the corpus of a trust established under her father's will. The will also contained conflicting language with respect to the income of the trust, and after considering extrinsic evidence, the majority held that the will directed the petitioner to transfer the income interest to her brother; thus the income interest was not petitioner's to give away but belonged to her father's estate.

Six judges dissented in the *Walston* case. The disagreement between the majority opinion and the dissenting opinion was that the dissent construed the will to make an outright disposition to the daughter of the income interest, unrestricted by the additional language empowering her to transfer the income interest to her brother. In affirming our decision in the *Walston* case, the Court of Appeals for the Fourth Circuit agreed that the daughter held only a special power of appointment over the trust corpus and income and noted that she did not at any time consider the income or principal of the trust to be her property. 168 F.2d at 217–218. Nothing in either of the opinions is inconsistent with a conclusion that the transfer of a life estate over which the transferor had an absolute interest is a taxable gift.

Respondent maintains the position, consistent with that taken by him in the *Walston* case, that the life income interest transferred was separate from the corpus, and, because only the corpus was the subject of the special power, the transfer of the income interest should be treated and taxed separately. Respondent argues persuasively that neither court in *Walston* ruled contrary to that position because each court concluded that the petitioner held only a special power of appointment over the income interest. We agree with respondent that *Walston* is thus distinguishable, and neither opinion compels the result sought by petitioner here.

Petitioner also cites *Self v. United States, supra,* in support of his argument that decedent's income interest was extinguished upon the exercise of the special power of appointment. In *Self,* the Court of Claims summarized the Government's argument:

that a gift tax should be imposed on the donee of a limited power of appointment upon the exercise of the power when the donee has a beneficial

interest in the property transferred pursuant to the power. This argument is based on the theory that such a donee is giving up an economic interest when he exercises the power. This same argument and precise question were presented to the court in Commissioner v. Walston, 4 Cir., 168 F.2d 211. * * * The Tax Court and the Court of Appeals held that the right to the income was transferred under the power of appointment and not by the taxpayer in her independent capacity and therefore the transfer was not taxable. Each court pointed out that where the income beneficiary had a life estate subject to a power of appointment, the income beneficiary had a temporary interest which might last for life, but which was subject to termination if and when the power of appointment was exercised. Consequently, to the extent the power is exercised, the income beneficiary's estate is terminated by reason of the power and not by a desire on the part of the income beneficiary to give up the life estate irrespective of the power.

The donor of the power of appointment is considered the transferor of the gift and the donee merely acts as his agent and gives direction to the gift pursuant to the donor's wishes. [142 F. Supp. 941–942.]

The Court of Claims in the *Self* case ignored the factual basis for the holding in the *Walston* case, viz, that the taxpayer there, unlike here, did not have the unrestricted right to enjoy the income from the trust for life or the unlimited ability to make an inter vivos transfer of her income interest. Both the Tax Court and the Court of Appeals in *Walston* found that the taxpayer's income interest was to be transferred only to the taxpayer's brother, either separately or along with the corpus. Neither court deciding *Walston* addressed the distinction between the situation where the inter vivos control over the life estate is absolute, as it is here, and the case where the inter vivos control over the life estate is such as to make the donee of that life estate the mere agent of the donor, as he was in *Walston*. That distinction is substantial and must be addressed; to the extent that the Court of Claims relied upon *Walston* to support its holding that an unrestricted life interest is extinguished and not transferred when the underlying corpus is transferred pursuant to a special power of appointment, we conclude that such reliance is misplaced.

In responding to the Government's citation of the predecessor of section 25.2514–1(b)(2), Gift Tax Regs., the Court of Claims in the *Self* case stated (p. 942):

The defendant refers us to Treasury Regulations 108, sec. 86.2(b)(2) (as amended by T.D. 6077, 1954–2 C.B. 308) as authority for its position. * * * We do not deem this portion of the regulation necessarily inconsistent with our decision because the plaintiff in the instant case did not have, in addition

to his special power, a general power to appoint by will, as is the case in the example given in the regulation. However, to the extent that the example given in the regulation implies that a donee, who has only the right to the income from the corpus subject to a special or limited power of appointment, is subject to a gift tax on the exercise of the special or limited power of appointment, we disagree with it. [Fn. ref. omitted.][2]

The Court of Claims suggests that respondent, by adopting the predecessor section 25.2514–1(b)(2), Gift Tax Regs., is trying to tax the exercise of a special power of appointment. The regulation, however, distinguishes between property a taxpayer owns outright, transfer of which may result in a taxable gift, and property of another over which the taxpayer has merely the power to convey to a third party. When a person has the right to income for life and the ability to transfer that right to anyone or to retain it as long as she lives, transfer of that property without consideration gives rise to a taxable gift. Had decedent chosen to transfer her life interest to a third party prior to her exercise of the special power of appointment, she would have made a taxable gift of her life interest. Cf. *Monroe v. United States*, 301 F. Supp. 762 (E.D. Wash. 1969), affd. 454 F.2d 1169 (9th Cir. 1972). The fact that she chose to convey that interest to the ultimate owner of the corpus does not disguise the fact that she chose to give her income from the trust property to another without compensation. The transfer of the property should, therefore, be treated as a gift by the life tenant, i.e., decedent, who had an absolute interest in the income. Secs. 2501(a), 2511(a). Such a transfer is taxable irrespective of section 2514. A discussion of section 2514 is relevant only because the taxable transfer here was accomplished by decedent's exercise of the special power of appointment over the corpus. Because the income from the corpus follows the corpus, the method used to transfer the income interest was to "piggyback" it onto the property that was transferred under the power of appointment.

The conceptual response to petitioner's argument that decedent's interest was terminated and not transferred is that although decedent's interest in the trust terminated after the

---

[2]In 1979, respondent issued Rev. Rul. 79–327, 1979–2 C.B. 342, in which he announced that the Internal Revenue Service would not follow the *Self* case to the extent that it is contrary to the regulations. The revenue ruling takes the position that an individual's exercise of a special power of appointment results in a taxable gift if the individual also possesses an income interest for life in the property subject to the power of appointment.

underlying trust property was transferred, the property, i.e., the income interest, was not extinguished. When the trust corpus was transferred, the income generated by the corpus was also transferred. There was nothing left in the trust to generate income for petitioner and no reason for the trust to continue. Under the doctrine of merger, the trust would then be terminated; but the enjoyment of the income continued in the hands of the transferee of the corpus. See G. Bogart, Trusts and Trustees, sec. 1003, at 363–364 (rev. 2d ed. 1983); 4 A. Scott, Trusts, sec. 337.1, at 2658–2659 (1967).

Petitioner contends that section 25.2514.–1(b)(2), Gift Tax Regs., is invalid because it is "directly contrary to well-established case law which pre-dates the regulation." It is apparent from the discussion above that the regulation is only contrary to the *Self* case, with which we disagree, and that the substantially identical predecessor regulation pre-dated the opinion of the Court of Claims in the *Self* case. There is no basis here for holding the regulation invalid.

Finally, petitioner argues that a decision for respondent in this case would violate the principle that taxpayers should be afforded a degree of certainty. We give that argument little weight where respondent's position was consistent in the cases and in the regulations, and petitioner's claimed reliance was on a single case in point.

We have considered the other arguments made and authorities cited by each party and find them inapplicable in this case.

*Decision will be entered for the respondent.*