687 So.2d 1084 (1997)
SUCCESSION OF Seymour WEISS.
No. 96-CA-1570.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 1997.
Writ Denied April 4, 1997.
Max Nathan, Jr., David H. Bernstein, Raymond P. Ward, Sessions & Fishman, L.L.P., New Orleans, for Appellee/Bank One, Louisiana, N.A. in its Individual Capacity.
*1085 Donald H. McDaniel, William R. Forrester, Lemle & Kelleher, L.L.P., New Orleans, Jane C. Scheuermann, Metairie, for Appellants/John Gerald Weiss, Brad Michael Moore, and Gwendolyn E. Weber.
Charles B. Mayer, James G. Burke, Jr., Burke & Mayer, New Orleans, for Appellee/Bank One, Louisiana, N.A. as Executor of the Succession of Seymour Weiss and as Trustee of the Seymour Weiss Trusts.
James L. Weiss, Scott A. O'Connor, Gordon, Arata, McCollam & Duplantis, L.L.P., New Orleans, for Appellee/Barbara Lane Bronner.
Albert Mintz, William C. Perez, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, Marian S. Alexander, Shawn Sullivan, Lake Tindall, L.L.P., Greenville, MS, for Appellees, Seymour Weiss II, et al.
Armand L. Roos, Weems, Wright, Schimpf, Hayter & Carmouche, Shreveport, for Appellees/Barbara Weiss Simon, B. Bruce Simon, Steven N. Simon, and Eileen Simon Ellis.
Before BARRY, PLOTKIN and MURRAY, JJ.
PLOTKIN, Judge.
In this appeal, we consider how proceeds derived from mineral interests held in trust should be allocated between principal and income beneficiaries. Finding that the settlor intended that the proceeds be distributed to the income beneficiaries without withholding any depletion allowance, we affirm the trial judge's ratification of the trustee's past acts.
On September 7, 1965, by statutory will, and by codicil on June 6, 1966,[1] Seymour Weiss created seven testamentary trusts which included mineral royalty interests.[2] He named as income beneficiaries his mother, Sol Kaplan, and his seven nieces and nephews. He named as principal beneficiaries the children of his nieces and nephews. He named Sol Kaplan and the National American Bank of New Orleans as cotrustees. Weiss died on September 17, 1969. His mother predeceased him. Sol Kaplan renounced the trust income and remained a co-trustee. Since that time, the trustees have regularly distributed the proceeds of the mineral interests without reserving any to offset their depletion for eventual payment to the principal beneficiaries. Bank One (formerly Premier Bank), Louisiana, N.A., is the current trustee.
On July 24, 1995, Premier Bank as trustee applied to the trial court for instructions concerning the interpretation of the trust instrument. Specifically, the trustee asked the court to determine whether the settlor intended to override the apportionment established in Section 2152 of the Louisiana Trust Code for the allocation of proceeds of mineral interests between income and a reserve for depletion of principal. Three of the family, Brad Michael Moore (principal beneficiary), Gwendolyn E. Weber (former spouse of a contingent income beneficiary), and John Gerald Weiss (principal beneficiary), opposed the trustee, contending that the settlor did not intend to displace Section 2152 and that 27.5% of the gross proceeds (not to exceed 50% of the net proceeds after payment of all expenses but without allowances for depletion) should be allocated to a reserve for the depletion of principal. The remainder of the beneficiaries,[3] both income and principal, *1086 asked the court to ratify the distribution of proceeds as income without reservation. On March 29, 1996, the trial judge ratified the trustee's past actions in distributing all proceeds without withholding any depletion allowance. Brad Michael Moore, Gwendolyn E. Weber, and John Gerald Weiss appeal.
Appellants contend that the trial judge erred in her interpretation of the trust instrument. Specifically, appellants contend there is no language in the trust instrument that clearly overrides the apportionment scheme established in Section 2152. The trustee replies that the testator's intent that the proceeds be paid to the income beneficiaries without reservation to offset principal depletion can be inferred from Section IV of the trust instrument. Appellants dispute the trustee's interpretation of this language as sufficiently evidencing an intent to displace the Trust Code's depletion allowance. Instead, appellants interpret the disputed portion of this section as only guaranteeing an initial payment to two preferential income beneficiaries. Therefore, because one of the guaranteed income beneficiaries predeceased the settlor and the other renounced his rights under the trust instrument, appellants propose that the disputed portions are without effect.
Section IV of the trust instrument provided:
I give and bequeath the remainder of my estate in seven equal parts to Sol Kaplan and to National American Bank of New Orleans, but in trust, nevertheless, for the beneficiaries hereinafter designated, and upon the terms and conditions hereinafter set forth:
Each of said seven trusts shall be charged to pay to my dear mother and to Sol Kaplan, jointly, or to the survivor of them, one-seventh of $25,000 a year, in convenient installments, during each year, they being hereby designated income beneficiaries of said trusts.
To the extent that the oil, gas and/or mineral income of the trusts shall suffice, the portion of the income of each trust required to be paid to the income beneficiaries shall be payable from such income as will produce for each year the maximum allowable deductions for depletion to be taken by the income beneficiaries, and the income beneficiaries shall be allowed, so long as Federal income tax laws permit, to the benefit of depletion and of other deductions allowable for tax purposes against such income. Nothing in this paragraph shall be deemed to diminish the annual income of $25,000 payable to the income beneficiaries; and the Trustees shall invade the corpus of each trust if necessary to pay said annual sums.
Said bequests in paragraph 1 of this Section IV shall be free of all estate and inheritance tax.
A. The other income beneficiaries of the seven trusts shall be my nieces and nephews, to-wit:
J. Weiss
Seymour Weiss
John Weiss
Tully Weiss
William Morris Weiss
Mrs. Elmer Norse Simon
Mrs. Henry Bronner
. . . .
Appellee contends that under federal regulations[4] the only way in which the income beneficiaries could obtain the maximum allowable deductions for depletion, in accordance with the settlor's clear intent as expressed in Section IV, is if the trustee pays all of the proceeds to the income beneficiaries and does not allocate any proceeds to principal as a reserve against depletion. Appellants, while disputing this interpretation of the settlor's intent, also interpret the organization of Section IV as distinguishing between the first two income beneficiaries and the remaining seven. According to the appellants, *1087 regardless of the settlor's intent toward the first two income beneficiaries, the settlor does not clearly indicate with regards to these remaining seven income beneficiaries that the proceeds should not be apportioned into income and principal in accordance with Section 2152.
Section 2152 regarding proceeds of mineral interests in trust provides in part that proceeds from any interest in oil, gas, or other minerals shall be allocated to principal until such time as the cost for such interest (including both tangible and intangible drilling cost) has been fully recovered; thereafter, such proceeds shall be apportioned between principal and income so that twenty-seven and one-half percent of the gross proceeds (but not to exceed fifty percent of the net proceeds remaining after payment of all expenses, direct and indirect, computed without allowances for depletion) shall be allocated to a reserve for depletion to be added to principal and the balance of the gross proceeds, after payment therefrom of all expenses, direct and indirect, shall be allocated to income. Section 2142 provides that allocations of income and principal are made in accordance with this section in the absence of contrary provisions in the trust instrument. The provisions of the Louisiana Trust Code are accorded a liberal construction in favor of freedom of disposition. See La. R.S. 9:1724; see also La. C.C. art. 1713.
In accordance with Section 2142, the settlor was free to favor the income beneficiaries and dispense with Section 2152's protections against the eventual depletion of the principal of these mineral interests. If the settlor had given no indication of the allocation of proceeds between income and principal that he intended, Section 2152 would provide the apportionment. However, the settlor is not required to override Section 2152 in explicit and precise terminology. Instead, the settlor's intent should be effectuated.
After reviewing the trust instrument, we find that the trial judge was correct in determining from Section IV when read as a whole that it was the settlor's intent to override Section 2152 of the Trust Code. Cf. St. Marks Episcopal Church v. Lowry, 271 S.W.2d 681 (Tex.Civ.App.1954). Although Section IV distinguishes between the first two income beneficiaries and the remaining seven, that distinction only establishes a preferential payment to the former before the residue is distributed to the latter. If the income beneficiaries are to receive the maximum allowable deductions for depletion in accordance with the settlor's instructions, no proceeds must be reserved against depletion of principal. Although the remaining seven income beneficiaries are named after the testator indicated his intent to dispense with Section 2152, there is no indication that this dispensation should be not be applied to all income beneficiaries and our examination of the trust instrument convinces us that this is what was intended by the settlor.
Accordingly, the decision of the trial judge which ratified the previous distributions of the trustee without regard to Section 2152 and instructed the trustee to continue to distribute the proceeds without reserving a portion to offset the depletion of principal is affirmed.
AFFIRMED.
NOTES
[1] This codicil provided only that: "I hereby amend Article III of my [September 7, 1965] will to provide that my executors shall deliver this bequest by delivery of one-half interest in each and every asset as far as possible, and not only authorize them to pay to her from time to time as and when received income received by the estate, but also direct them so to do."
[2] Weiss directed that all just debts and expenses be paid, bequeathed one-half of his separate estate to his wife, and directed that all estate and inheritance taxes that resulted to her be paid by the residue of his estate. He then settled the residue into the trusts at issue in this appeal. Because he instructed that the bequest to his wife be satisfied to the extent possible by securities and cash, and as a result of the payment of estate and inheritance taxes, the residue consists primarily of the mineral interests.
[3] Seymour Weiss II (income beneficiary), Jeana Weiss Davis (principal beneficiary and daughter of deceased income beneficiary), David Seymour Weiss (principal beneficiary), and Richard Picard Weiss (principal beneficiary), joined by William B. Weiss (principal beneficiary), J. Tully Weiss (income beneficiary), Johnny Weiss (income beneficiary), William M. Weiss (income beneficiary), Jana Lynn Weiss (principal beneficiary), Thomas M. Weiss (principal beneficiary), Tully Weiss (principal beneficiary), Henry A. Bronner (income beneficiary), Guy Milton Moore (principal beneficiary), and Anona Weiss Fosberg (principal beneficiary and daughter of deceased income beneficiary).
[4] See 26 C.F.R. § 1.611-1(c)(4); see also Hay v. U.S., 263 F.Supp. 813, 821-28 (N.D.Tx.1967).