Finley L. HILLIARD, Trustee of
the J. Howard Marshall II
Living Trust, et al.

v.

J. Howard MARSHALL III and The
Neiman Marcus Group, Inc.

No. Civ.A.96–0368.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Aug. 10, 1999.

Gary L. Boland, Lee H. DesBordes, Jr., Hunter & Boland, Baton Rouge, LA, Jeff E. Townsend, Jr., Edwin K. Hunter, Hunter Blazier et al., Kenneth M. Wright, Lake Charles, LA, Peggy Dean St. John, Randall L. Wilmore, Gold Weems et al., Alexandria, LA, for Plaintiffs.

Kean Miller et al.,Baton Rouge, LA, James A. Brown, George Denegre, Jr., Shannon S. Holtzman, Liskow & Lewis, New Orleans, LA, Kenneth M. Wright, Lake Charles LA, Peggy Dean St. John, Randall L. Wilmore, Gold Weems et al., Alexandria, LA, George Denegre, Jr., Shannon S. Holtzman, Liskow & Lewis, New Orleans, LA, Gary L. Boland, Hunter & Boland, Baton Rouge, LA, Defendants.

## RULING

LITTLE, Chief Judge.

Before this court is defendant The Neiman Marcus Group's ("Neiman Marcus") motion for summary judgment. For the following reasons, defendant's motion is DENIED.

### I. Background

This litigation arises out of a living trust created by the late J. Howard Marshall II ("Mr. Marshall") on 1 September 1982. Mr. Marshall's death generated numerous lawsuits. Finley Hilliard, as trustee of the J. Howard Marshall II Living Trust ("Trust"[1]), and E. Pierce Marshall, individually and as trustee of the Marshall Museum and Library,[2] filed the instant suit, seeking a declaratory judgment that the trust is valid and enforceable. The original defendants in the suit were J. Howard Marshall III, one of Mr. Marshall's sons, and The Neiman Marcus Group, a creditor of Mr. Marshall. After various parties were dismissed, the only parties remaining in this lawsuit are Fin-

---

1. The Trust was amended several times. When this court refers to the "Trust," it is referring to the instrument as amended in 1994.

2. The Marshall Museum and Library and E. Pierce Marshall are named beneficiaries of the J. Howard Marshall II Living Trust.

ley Hilliard, as trustee of the J. Howard Marshall II Living Trust, and The Neiman Marcus Group.

In its motion for summary judgment, Neiman Marcus asks this court to declare the Trust null and void because:

1. The Trust does not conform to the form requirements for intervivos[3] trusts; it is not by authentic act or act under private signature duly acknowledged by the settlor or by the affidavit of one of the attesting witnesses as required by La.R.S. 9:1752;

2. The Trust reserves the settlor's right to substitute beneficiaries and contains dispositions to improperly designated beneficiaries in violation of La.R.S. 9:1802, 1803, and 1971;

3. The Trust contains dispositions committed to the discretion of a third person in violation of Louisiana Civil Code article 1573 and La.R.S. 9:1802; and

4. The Trust contains contingent dispositions of trust principal in violation of La.R.S. 9:1971.

This motion is properly before this court.

## II. Analysis

### A. Standard for Summary Judgment

This court will grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FedR. Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In making its determination, the court must

draw all justifiable inferences in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), the non-movant must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Electric Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "[C]onclusionary denials, improbable inferences, and legalistic argumentation" are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993).

As evidenced by defendant's motion for summary judgment, attached affidavits, depositions, statements of material facts, and other evidence, there is no genuine issue as to any facts material to this determination. Therefore, summary judgment is appropriate.

### B. The Trust is in Proper Form

■ Neiman Marcus argues that this court should invalidate the Trust because it is not in the form required by Louisiana law. First, this court must decide whether Louisiana law is the proper choice of law to measure a trust created in Texas with its situs later moved to Louisiana.

J. Howard Marshall created the Trust in 1982 in Texas, and he executed the amended and restated Trust in Houston, Texas in 1994. The Trust instrument provides in pertinent part:

*Controlling Law*

This Amended and Restated Trust Indenture shall be construed, interpreted, governed, and controlled, and its validity and the rights of all beneficiaries and

---

3. The Trust is an intervivos trust under Louisiana law because it was not created by a will.

*See* La.R.S. 9:1733, 1734.

other persons interested herein shall be governed, controlled, and determined, by the laws of the State of Texas, as now in effect and as hereafter at any time and from time to time enacted, declared, modified, or amended.

The Trustee shall have the authority to change the trust's situs to such jurisdiction within or without the United States, as the Trustee deems in the best interest of the Settlor. The Trustee shall make such a change in situs by deliverying [sic] to the beneficiaries an instrument to that effect. The laws of the new situs shall control.

*See* Article XVI of the Trust, Exhibit 2 to Motion for Summary Judgment. On 16 February 1995, the trustee moved the situs of the trust to Calcasieu Parish, Louisiana. Neither Hilliard nor Neiman Marcus argues that a provision allowing a trustee to change the situs of the trust and thus the controlling law is invalid nor that the change of the situs itself was ineffective. In addition, the parties agree that the trustee's situs change from Texas to Louisiana results at least in Louisiana law controlling the substance of the Trust. What the parties dispute is whether this change means that the creation of the Trust should be judged under Louisiana law.

The wording of Article XVI of the Trust is ambiguous. The first paragraph clearly states that the validity of the trust and the rights of all beneficiaries shall be **"governed, controlled, and determined** by the laws of the State of Texas" (emphasis added). The second paragraph of the article only says that "the laws of the new situs shall **control**" when the trustee moves the situs of the trust. The settlor intended Texas law to control the form, and thus the

validity, of his Trust. It would make little sense for the settlor to allow a trustee to change the situs of a trust and thereby invalidate the instrument on the basis of form. That cannot be what this paragraph means nor what the settlor intended. This court will not interpret the wording of Article XVI in such a nonsensical way.

Even if this court were to find that J. Howard Marshall intended the law of the new situs to control the form and validity of his trust, we would apply the entirety of Louisiana law, including the choice of law provisions found in Louisiana Civil Code articles 3515–3549.

Louisiana has not enacted a choice of law provision dealing specifically with trusts.[4] The general articles of the choice of law provisions are broad enough to deal with the creation of an intervivos trust. Louisiana Civil Code article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Louisiana is the situs of the trust, as chosen by the trustee. The trust consists of mineral production in Louisiana in addition

---

**4.** There is a longstanding debate about whether trust law fits into the law of contracts or property. *See* Jane Baron, *The Trust Res and Donative Intent*, 61 La.L.Rev. 45, n. 12 (1986). For example, Louisiana law defines a trust as a "relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." La.R.S. 9:1731. For this reason,

this court will not apply the more specific choice of law provisions dealing with conventional obligations or real rights, but instead will apply the general provisions found in Louisiana Civil code articles 3515–3518. This, however, does not limit this court's examination of the more specific provisions for manifestations of Louisiana's policies.

to assets in seven other states. *See* Deposition of Edwin K. Hunter, p. 38. The settlor was domiciled in Texas at the time of execution of the Trust, its amendment, and his death.

The law of Louisiana requires that an intervivos trust be in authentic form or by act under private signature duly acknowledged. *See* La.R.S. 9:1752. Louisiana also requires authentic form for donations intervivos that are not accomplished by manual delivery of the object of the donation. *See* La.Civ.Code art. 1533. One reason for the form requirement for intervivos donations is to diminish undue influence. *Sarpy v. Sarpy,* 354 So.2d 572, 574 n. 3 (La.App. 4th Cir.1977). The trust laws are more lenient as to form than the laws for intervivos donations in that an intervivos trust may also be by act under private signature. *See* La.R.S. 9:1752. Even under the conflicts article that presumably would apply to this document if it were a donation intervivos, it would be valid as to form. La.Civ.Code art. 3538. Moreover, Louisiana's interest in preventing undue influence is lessened by the fact that the settlor was not domiciled in Louisiana at any time relevant to this suit. Therefore, Louisiana's interest in applying its law to defeat this trust is minimal.

In contrast, Texas law allows settlors to create a trust in real or personal property by any written evidence bearing the settlor's intentions and his signature.[5] Tex. Prop.Code Ann. §§ 112.001, 112.004 (West 1997). With its statute of frauds, Texas has struck a balance between insuring the certainty of land titles and protecting the settlor's intent by requiring a form of writing. Texas has a strong interest in insuring the validity of Mr. Marshall's Trust.

Mr. Marshall was domiciled in Texas at the time of its execution, the trust was executed in Texas, Mr. Marshall expressly chose Texas law to govern the validity of his trust, some of the trust property is presumably located in Texas, and Mr. Marshall died in Texas. In addition, Mr. Marshall had the aid of counsel in executing the trust instrument, and a notary public signed an acknowledgment. As stated previously, Mr. Marshall expected the Trust to be valid in form and Texas law to govern its form. For these reasons, Texas' interest in having its law applied to the form of the trust is greater than that of Louisiana. This court will not apply Louisiana law to invalidate the Trust on the basis of form.[6]

## C. The Designation of Beneficiaries Complies with Louisiana Law

■ Neiman Marcus argues that the trust instrument does not designate beneficiaries in such a way as to make their identities ascertainable as required by Louisiana law. The living trust designated J. Howard Marshall II as the income and principal beneficiary during his lifetime. *See* Article V, J. Howard Marshall II Living Trust. In article VI, specific beneficiaries are named in compliance with Louisiana Revised Statutes 9:1802–1803.

Article III of the trust contains the following language:

> This trust is irrevocable. The Settlor expressly reserves the power to substitute E. Pierce Marshall, Elaine T. Marshall or any § 170(b)(1)(A) organization for the beneficiary of any interest established in this instrument.

5. A trust consisting of personal property may be created also by transfer of the property to a trustee or a declaration in writing that the owner of the property holds the property as trustee for another person. Tex.Prop.Code Ann. § 112.004 (West 1997).

6. Louisiana Civil Code article 3517 states that this court must look to Texas' law of conflicts of law in order to determine which law Texas

would choose to apply. Renvoi applies to Louisiana Civil Code article 3515. While this court is not an expert on Texas law, it appears that a Texas court would apply the law of Texas to a trust created in Texas by a Texas domiciliary with trust property in Texas. *See Wilson v. Smith,* 373 S.W.2d 514 (Tex.Civ. App.—San Antonio 1963).

Louisiana Revised Statutes 9:2021 expressly allows a settlor to reserve the right to modify the trust document. Mr. Marshall exercised this right by reducing E. Pierce Marshall's interest and substituting the Marshall Museum for a portion of his interest. Neither party has cited any authority that persuades this court that we should interpret the trust in a manner that would invalidate the entire instrument.[7]

## D. The Other Articles

This court will not consider the merits of Neiman Marcus' other two arguments. If these articles, in fact, violate the provisions of the Louisiana Trust Code, they can be severed without defeating the purpose of the trust instrument. *See* Article XVII of the J. Howard Marshall Living Trust; La. R.S. 9:2251. Because Neiman Marcus' hope of recovery rests on invalidating the entire trust, it is not necessary for this court to reach issues which are not relevant to the present parties.

## III. CONCLUSION

For the reasons set forth above, Neiman Marcus' motion for summary judgment is DENIED.

---

**7.** Neiman Marcus also argues that article VII(C) violates La.R.S. 9:1802. This article became inoperative when Mr. Marshall used all of his generation-skipping tax exemption.